## SOUTHERN INDIANA POWER COMPANY *v*. MONICAL.

[No. 22,675. Filed October 13, 1915.]

1. EMINENT DOMAIN.—*Damages from Flowage.—Evidence.*—In an action to assess the damages through the appropriation of land by a power company for flowage, evidence showing that the company's dam caused backwater to stand on a part of the owner's land, and that such water had the effect of inducing a moist condition of the subsoil over a much larger area, which prevented proper drainage and tended to sour the land and diminish its productivity, was proper to be considered by the jury. p. 589.

2. APPEAL.—*Review.—Verdict.—Conclusiveness.*—The verdict of a jury based on disputed issues of fact is not subject for review on the ground of insufficient evidence. p. 589.

3.   EMINENT DOMAIN.—*Assessment of Damages.—Trial on Exceptions to Report.—Right to Open and Close.*—On the trial on the exceptions filed by both parties to the report of appraisers assessing the damages sustained by a landowner through the appropriation of a part of his land for flowage from the dam of a power company, the court did not err in refusing the power company the right to open and close.   p. 590.

From Lawrence Circuit Court; *Oren O. Swails,* Judge.

Proceedings by the Southern Indiana Power Company to assess the damages to John W. Monical through the appropriation of the latter's land for flowage from a dam.   From the judgment rendered, the Southern Indiana Power Company appeals.   *Affirmed.*

*Brooks & Brooks,* for appellant.
*John H. Edwards,* for appellee.

SPENCER, C. J.— Appellant instituted this action to assess the damages sustained by appellee through the appropriation of a part of his lands for flowage from appellant's dam at Williams, Indiana.   Trial was had on the exceptions filed by both parties to the report of appraisers duly appointed to assess said damages, and from a judgment on the verdict of the jury, reassessing said damages, this appeal is prosecuted.

Appellant first questions the sufficiency of the evidence to sustain the verdict of the jury and takes the position that there is an entire failure of proof tending to show either (1) that the erection of appellant's dam caused the overflowage of more than a very few acres of appellee's farm, of a value much less than the amount of the verdict, or (2) that appellee's farm was otherwise damaged in any degree.   The evidence in this case covers 550 pages of record and it would unduly extend this opinion even to summarize the facts which must be taken as established by the verdict.   It may be noted, however, that evidence was introduced to show not only that the dam caused backwater actually to stand on a part of appellee's

lands but also that it had the effect of inducing a moist condition of the subsoil over a much larger area; that said condition of the subsoil prevented proper drainage and tended to sour the land and diminish its productivity. These elements were proper to be considered by the jury in assessing appellee's damage and its decision on the disputed issues of fact is not subject to review in this court.

In presenting its further contention that the court erred in refusing it the right to open and close in the trial, appellant concedes that this court has held otherwise. It 3. asserts, however, that the weight of authority supports the position which it now takes and asks that we reëxamine the question. This we have done but see no reason to depart from the holding in *Indiana, etc., R. Co.* v. *Cook* (1885), 102 Ind. 133, 26 N. E. 203, where this court, after reviewing the authorities at some length, uses the following language: ''In the case under consideration both parties filed exceptions to the report of appraisers, and thereby both parties appealed to the circuit court. The result of the appeal was to set aside the report of the appraisers, which could not be used for any purpose upon the trial in the circuit court; but the questions of the value of the land taken, and the amount of the damages, had to be tried *de novo*, the same as if there had been no assessment by appraisers. * * * The real question between the parties does not depend upon which party excepts and appeals; but the same question is to be tried, whether the appeal is taken from the award by the petitioner or the landowner. And as the court has held that where the appeal is taken by the landowner he shall have the open and close, and where the appeal is taken by agreement the landowner shall have the open and close, and in accordance with what seems to be the weight of authority outside this State, we hold that when the exceptions have been filed and an appeal taken by both parties, the landowner has the right to open and close the cause.''

We hold that the trial court did not err in awarding this right to appellee.

No error appearing in the record, the judgment of the lower court is affirmed.

NOTE.—Reported in 109 N. E. 763. As to damages or injuries for which compensation must be made, in eminent domain proceedings, see 31 Am. Dec. 373; 88 Am. Dec. 113; 4 Am. St. 399; 9 Am. St. 144; 19 Am. St. 459; 22 Am. St. 50; 85 Am. St. 291. See, also, under (1) 15 Cyc. 750, 899; (2) 3 Cyc. 348.