## SOUTHERN INDIANA POWER COMPANY *v.* KEANE.

### [No. 22,773.   Filed May 31, 1916.]

1. EMINENT DOMAIN.—*Assessment of Damages.—Trial on Exceptions to Report.—Right to Open and Close.*—Where, in an action to assess damages for the appropriation of land, exceptions to the report of appraisers have been filed and an appeal taken to the circuit court by both parties, the landowner has the right to open and close.   p. 10.
2. EMINENT DOMAIN.—*Condemnation Proceedings.—Damages.—Elements Included in Assessment.*—In condemnation proceedings it is the general rule that all damages, present or prospective, that are the natural or reasonable incident of the improvement to be made or work to be constructed, not including such as may arise from negligence or unskillfulness or from the wrongful act of those engaged in the work, must be assessed.   p. 10.
3. EMINENT DOMAIN.—*Damage from Flowage.—Evidence.*—In an action to assess the damages to lands appropriated by a power company for flowage from a dam, evidence as to the method of tiling wet lands and as to the difficulty of tiling the land affected by backwater from the dam was competent on the question of damages for the purpose of showing that the moist condition of the subsoil of the lands affected by the backwater could not be readily overcome by drainage.   p. 11.

From Lawrence Circuit Court; *Oren O. Swails,* Judge.

Action by the Southern Indiana Power Company against Morgan Keane.   From a judgment for defendant, the plaintiff appeals.   *Affirmed.*

*Brooks & Brooks* and *George H. Voight*, for appellant.

*John H. Edwards*, for appellee.

SPENCER, J.—This action, instituted by appellant for the purpose of assessing the damages sustained by appellee through the appropriation of a part of his lands for flowage from appellant's dam at Williams, Indiana, is in many respects a companion case to that of the *Southern Indiana Power Company* v. *Monical* (1915), 183 Ind. 588, 109 N. E. 763; and the decision there announced serves as controlling authority on some of the questions presented by this appeal. What we there said as to the sufficiency of the evidence to sustain the verdict of the jury is applicable here in substance, and that case, together with the decision in *Indiana, etc., R. Co.* v. *Cook* (1885), 102 Ind. 133, 26 N. E. 203, sustains the rule that where, in an action to assess damages for the appropriation of land, exceptions to the report of appraisers have been filed and an appeal taken to the circuit court by both parties, the landowner has the right to open and close.

1.

Appellant further insists that the trial court erred in giving to the jury instructions Nos. 5 and 7 tendered by appellee. These instructions, however, properly apply to this case the general rule that in condemnation proceedings "all damages, present or prospective, that are the natural or reasonable incident of the improvement to be made or work to be constructed, not including such as may arise from negligence, or unskillfulness, or from the wrongful act of those engaged in the work, must be assessed. Damages are assessed once for all, and the future necessities as well as the present needs of the condemnor are

2.

to be taken into consideration." *Cleveland, etc., R. Co.* v. *Hadley* (1912), 179 Ind. 429, 441, 101 N. E. 473, 477, 45 L. R. A. (N. S.) 796, and cases cited.

Finally, it is contended that the lower court erred in permitting two witnesses for appellee to testify as to the method of tiling wet lands and as to the difficulty to be experienced in tiling that part of appellee's farm which was affected by backwater from appellant's dam. This evidence was competent, however, for the purpose of showing that the moist condition of the subsoil thus produced on the lands affected could not be readily overcome by drainage, and its weight on the question of damages was a matter to be determined by the jury.

No error appearing in the record, the judgment of the trial court is affirmed.

NOTE.—Reported in 112 N. E. 1004. See under (2) 4 Am. St. 399; 15 Cyc 713, 715.