## TRAMMEL ET AL. *v.* BRIANT ET AL.

[No. 3,129.   Filed October 12, 1900.]

APPEAL AND ERROR.—*Damages.*—*Evidence.*—A judgment for damages arising from the breach of an oil and gas lease will not be reversed on appeal because of insufficiency of damages awarded, where the evidence as to damages is conflicting.

From the Huntington Circuit Court. *Affirmed.*

*W. H. Trammel, J. C. Branyan, J. S. Branyan, B. K. Elliott, W. F. Elliott* and *F. L. Littleton,* for appellants.

*J. S. Dailey, A. Simmons* and *F. C. Dailey,* for appellees.

HENLEY, J.—This was an action by appellants against appellees for damages growing out of the alleged breach of a gas and oil lease. The original lessors conveyed the leased land and assigned the lease to the appellants before the commencement of this action. The lease, omitting the description of the leased premises, was as follows: "This indenture witnesseth, that William F. Trammel and Lucy Trammel, his wife, of Huntington county, Indiana, party of the first part, for the consideration herein provided, do hereby grant, bargain and lease and convey unto Cyrus E. Briant of Huntington county, Indiana, party of the second part, all the oil and gas in and under the following

described premises, together with the right to enter thereon at all times for the purpose of drilling and operating for oil, gas and water, and to erect and maintain all buildings and structures and lay all pipes necessary for the production and transportation of oil and gas taken from said premises, excepting and reserving for the first party the one-sixth part of all oil produced and saved from said premises, to be delivered in the pipe-line with which said party may connect his wells, namely all that certain tract of land, etc.  *  *  *. To have and to hold the above premises on the following conditions:  If gas only is found, second party agrees to pay $125 each year for the product of each well, while the same is being used off the premises, and first party to have gas free of cost at wells to heat all stoves in dwelling-house during the same time.  Whenever first party shall request, second party shall bury all oil and gas lines and pay all damages done to growing crops by reason of burying and removing said pipe lines.  In case no well is completed within ninety days from this date, then this grant shall be null and void unless second party shall pay to the first party $2 per day that such completion is delayed.  The second party shall have the right to use sufficient gas, oil, or water to run the machinery for operating said wells and also the right to remove all property at any time, and it is further agreed that the party of the second part shall drill a well every sixty days thereafter until eight wells are completed; and it is further agreed that all under-drains on premises shall not be disturbed and all gates shall be kept closed on said premises.  It is understood between the parties to the agreement that all conditions between the parties hereto shall extend to their heirs, executors and assigns."

Cyrus E. Briant assigned his interest in the lease to one William H. Line, who in his turn assigned the lease to C. P. Collins.

It is alleged in the complaint that in accordance with said lease appellees drilled one well on the leased land

Trammel *v.* Briant.

within ninety days from its execution, and that said well was drilled prior to the sale and conveyance of the land and lease to appellants; that said well was pumped for twenty or thirty days, and yielded to the former owner of said land a royalty, under the contract, of $35. That after the purchase of said land by appellants, and the assignment of said lease to them, the appellees, in violation of their contract, ceased to pump said well, and wholly failed to drill any more wells as said lease provided, whereby appellants were damaged in the sum of $1,700 in that the rental which would have accrued to appellants would have amounted to that sum if appellees had fulfilled their said contract. There is the further allegation that one Ovid M. Conner and the Superior Oil Company have some interest in said lease unknown to appellants, and they are made parties to answer as to their interest therein.

Appellees' answer was in five paragraphs; the first a general denial; the second and third paragraphs are substantially the same. In both the second, and third paragraphs of answer it is alleged that after the execution of the lease mentioned in the complaint, and before the purchase of the real estate therein described and before the purchase by and assignment of the lease to appellants, appellees caused a well to be drilled and completed on said real estate, and caused said well to be properly equipped for pumping and producing oil; that said well would not and did not produce any gas, and would not and did not produce oil in sufficient quantities to pay for the pumping; that appellees gave said well a true, sufficient, and honest test, and that it would not produce oil but produced salt water in large quantities, and was what is designated as a "dry hole"; that all the land embraced in the lease sued on was barren of oil or gas, and would produce neither in sufficient quantities to pay the expenses connected with the wells if the wells mentioned in the lease had been drilled and equipped.

According to our view of this case, the issue raised by the

fourth and fifth paragraphs of answer is immaterial to the discussion of the question presented by the record.

Appellants recovered a judgment below for $5. The only question presented on appeal arises from the ruling of the lower court in overruling appellants' motion for a new trial. It is contended that the judgment is erroneous, being too small.

The damage to appellants arising from the breach of the contract is specifically pointed out in the complaint. The sole and only claim made by appellants is that appellees "wholly failed to drill any more wells as per agreement, to the damage of these plaintiffs in the sum of $1,700, in this, that the rental which would have inured to them would have been in that sum had they performed said contract." Whether or not appellants were damaged by a failure to drill the wells as the contract provided was the question before the court for trial. The evidence upon this question is conflicting, and we will not disturb the judgment. Judgment affirmed.