CHMIELEWSKI'S ESTATE *v.* CHMIELEWSKI.

[No. 14,945. Filed March 31, 1936.]

*D. P. Sevald, Wilson & Wilson* and *Mariann K. Sevald,* for appellant.

*J. B. Walters* and *M. Clyde Brown,* for appellee.

CURTIS, C. J.—This is an appeal from a judgment rendered by the Porter Superior Court on a claim filed by the appellee, Vincent Chmielewski, against the estate of Michael Chmielewski, deceased, for board, room, and services rendered by the said Vincent Chmielewski to Michael Chmielewski, for a period of twenty years from April, 1907, until April 13, 1927. The claim was filed in two paragraphs to which an answer in general denial was filed. This cause being at issue the same was submitted to a jury for trial. The jury returned the following verdict. "We, the jury, find the issues for the plaintiff, and assess the plaintiff's damages in the sum of $7,780.00." Thereupon, the court rendered a judgment upon the verdict for the plaintiff Vincent Chmielewski for $7,780.00 together with costs. The appellant filed a motion for a new trial which was overruled and this appeal was then prayed and perfected.

The errors relied upon for a reversal as shown in appellant's brief are: "(1) the court erred in overruling appellant's motion for a new trial. (a) Because the jury erred in the assessment of

the amount of recovery, in this, the amount is too large.

(b) Because the verdict of the jury is not sustained by sufficient evidence.

(c) Because the verdict of the jury is contrary to law.

(d) Because the court erred in excluding the following evidence offered by the defendant. Defendant's Exhibit No. 9."

Of course alleged errors a, b, c, and d above set out are not proper independent assignments of error and they must come up if at all under the motion for a new trial. We have examined the motion for a new trial however and find that they are contained therein as causes as are also alleged errors as to certain instructions. The appellant has in his brief under the heading of Propositions, Points and Authorities discussed them and also has discussed the alleged error as to the giving by the court of its own motion of each of instructions numbered 5, 6, 8, 9, and 17. Under the above heading the appellant also says that the court erred in modifying instruction number 5 but in that regard says that, "Ruling by the court on instruction number 9 will dispose of this error."

The evidence establishes the fact that Michael Chmielewski lived in the home of the appellee for a long period of years. The jury was warranted in concluding that he received board and lodging and services for which he had never paid and for which he expected to pay. The evidence was such as to sustain the conclusion which the jury evidently reached that the board and room and services were neither given nor received as a gratuity. The amount owing to the appellee under the evidence for the various items of his claim was reached by the jury after hearing all of the evidence, some of which was in conflict, but this court will not weigh conflicting evidence and substitute its judgment

for the judgment of the jury. An examination of the evidence convinces us that there was at least some competent evidence to sustain the amount of the verdict. There has been no sufficient reason advanced by the appellant to convince us that we should hold as a matter of law that the amount of the recovery was too large. For cases involving the law applicable to claims arising where there is a family relation shown, see the case of *Offenbacker* v. *Offenbacker* (1934), 98 Ind. App. 689, 187 N. E. 903.

It is next argued by the appellant that the court erred in excluding from evidence the appellant's exhibit number 9 which showed that the appellee's wife had filed a claim against the appellant estate for many of the items claimed in the appellee's claim and that upon a trial in the Lake Superior Court her claim was denied. We think the offered exhibit was correctly excluded. Whatever the wife's claim was and whatever the court decided in reference thereto was not material or relevant in the instant case. See the Offenbacker case, *supra*.

From what has been said it is apparent that the verdict of the jury must stand unless it may be said to have been improperly affected by the complained of instructions. We now take them up. The court's instruction number 5, which is first complained of, is as follows: "You are instructed that it is not necessary in this class of cases to show that at a given time before the rendition of the services an oral contract was entered into on a particular day on the one part to furnish room and board for said decedent and on the other part an oral agreement by the decedent to pay for such room and board a definite and certain sum therefor in order to authorize a recovery, but you must believe by a fair preponderance of the evidence that it was distinctly understood by both parties that the claimant was to room and board said decedent and that the

decedent was to pay a reasonable value for the room and board; in other words, you must find that whatever services, if any, were performed by the claimant, they were performed by him in the expectation that the services were to be paid for and that on the other hand the deceased received the benefit of such services expecting to pay for them what the same were reasonably worth." When the above instruction is read in the light of the evidence and is considered in connection with the other instructions in the case it is at once seen not to be erroneous. It is not a model of precision, but we do not believe the jury had any difficulty in applying it to the evidence under the issues. Instruction number 6 told the jury in effect that if no fixed price for the room and board and services had been agreed upon then the reasonable value thereof as shown by the preponderance of the evidence would be the value to set thereon, provided they found from the evidence that the plaintiff was entitled to recover. We see no error in the instruction on the phase of the law to which it was addressed. Instruction number 8 which is next complained of informed the jury that the estate of the decedent would be liable for decedent's debt if any owing to the appellee growing out of the claim sued upon and which they found the decedent promised to pay. Instruction number 9 which is next complained of is mainly favorable to the appellant in that it told the jury that they were entitled to consider such facts as tended to show that no account books were kept by the appellee and the delay in filing the claim, the amount charged by the appellee for board, room and services and the fact, if it be a fact, that the appellee owed the deceased any sums of money. We find nothing in the two instructions numbered 8 and 9 that was harmful to the appellant. Appellant next asserts error as to the use of the word "lifetime" in the instruction number 17.

This word clearly referred to the time when the decedent was yet alive. The jury in our opinion was not misled by the use of the word. On the whole we think the jury was fully and fairly instructed. The general rule is that not all of the law of a case need be stated in any one instruction, but they must all be considered together. We have found no reversible error. Judgment affirmed.