MACKEY *v.* STATE OF INDIANA.

[No. 27,771.   Filed December 14, 1942.   Rehearing denied January 5, 1943.]

608

*Othniel Hitch* and *Edwin B. Pugh,* both of Indianapolis, and *Jonas P. Walker,* of Greenfield, for appellant.

*George N. Beamer,* Attorney General, *Caleb J. Lindsey,* Deputy Attorney General, and *Arthur C. Van Duyn,* of Greenfield, for appellee.

SHAKE, J.—The state appropriated for highway purposes certain real estate belonging to the appellant. Both parties excepted to the report of appraisers fixing the value of the land taken at $8250. A jury awarded the appellant $3850 and he has appealed. The only error properly assigned is the overruling of his motion for a new trial.

A number of the appellant's propositions relating to alleged errors in respect to the admission or rejection of evidence must be ignored because the motion for a new trial did not set out the objections to the questions complained of. *Brown* v. *State* (1939), 216 Ind. 106, 23 N. E. (2d) 267. *Deming Hotel Co.* v. *Sisson* (1940), 216 Ind. 587, 24 N. E. (2d) 912. It was not error to exclude the testimony of a witness to the effect that he would have purchased for a specified sum the property taken by the State. Value may not be so established. 31 C. J. S., Evidence, § 182c, p. 887. A State's witness was permitted, over objection, to describe the property as he observed it two weeks before the trial. If there had been a change in conditions after the taking and before the witness' visit, that was a proper subject to be developed by cross-examination or in rebuttal. Reasonable limitations on the scope of cross-examination are within the sound discretion of the trial court, and we cannot say that there was an abuse in restricting the cross-examination of a

witness in an inquiry as to the value of the land to those elements of value shown to exist by his testimony in chief. *McDonald et al.* v. *McDonald et al.* (1895), 142 Ind. 55, 41 N. E. 336. On the trial a witness for the State was permitted to give his opinion of the value of the land, over the objection that the question did not take into account the value of a structure that had been razed after the State took the property. The State was entitled to show the different elements of value and the objection went to the weight rather than the admissibility of the testimony.

There was no error in refusing the appellant's tendered instructions 3, 4, and 5, the substance of which was embraced in instructions 3, 9, 10, and 18 given by the court on its own motion.

The appellee says that the assignment in the motion for a new trial that "the amount of money assessed in favor of the defendant is too small" is insufficient to present anything for the consideration of this court. The assignment is in substantial conformity with clause 5 of § 2-2401, Burns' 1933, § 368, Baldwin's 1934, which enumerates as one of the causes for a new trial, "Error in the assessment of the amount of recovery, whether too large or too small, where the action is upon a contract or for the injury or detention of property." An action of this character is one for injury to property, in the sense that a new trial may be asked for inadequacy of the amount of recovery. *Pittsburgh, etc., R. Co.* v. *Crockett* (1914), 182 Ind. 490, 106 N. E. 875.

We can well appreciate the appellant's sense of loss in the passing of an historic landmark which was originally a tavern on the Old National Road, where President Martin Van Buren was said to have been entertained once, and which was also a station of the

"underground railroad" in the period preceding the Civil War; and we can understand why the appellant should consider the damages assessed by the verdict inadequate in view of the fact that the appraisers appointed by the court had awarded a much larger sum. We have examined the evidence and while it is conflicting, that favorable to the verdict amply supports the conclusion reached.

The alleged improper taxation of the costs of the action to the appellant is no ground for a new trial. Such errors must be saved by a motion to retax or to modify the judgment. *Boyer* v. *Everetts* (1916), 185 Ind. 272, 113 N. E. 1003.

The judgment is affirmed.

NOTE.—Reported in 45 N. E. (2d) 205.