## Kostas v. Zaracostas et al.

[No. 17,614. Filed November 17, 1947. Rehearing denied January 16, 1948. Transfer denied September 29, 1948.]

*Louis B. Ewbank, Charles W. Appleman,* and *Richard L. Ewbank,* all of Indianapolis, attorneys for appellant.

*Herman W. Kothe, Grier M. Shotwell, Owen S. Boling,* and *Shubrick T. Kothe,* all of Indianapolis, attorneys for appellees.

BOWEN, C. J.—This is an action for an accounting, for the appointment of a receiver, and for the dissolution of a partnership between appellant and appellees who were partners in a restaurant business.

Issues were joined on appellant's complaint and there was a trial by the court. On September 12, 1946, the court entered a general finding and judgment to the effect that the partnership created between the parties in June, 1944, was terminated on January 1, 1945; that the appellant was not entitled to a share in the profits of the business after January 1, 1945. Judgment was entered denying appellant's application for the appointment of a receiver, dissolving the partnership as of January 1, 1945, cancelling and ordering the surrender of the bill of sale to certain fixtures and household goods to appellees, and on the accounting allowing appellant judgment for $1,224.20 out of the partnership monies held on deposit by appellant in the name of the partnership business with the Fletcher Trust Company, and granting appellees judgment against the appellant for $414.36.

Appellant filed a motion for a new trial upon twenty-six separately numbered grounds which was overruled by the trial court.

Error assigned is the overruling of appellant's motion for a new trial. Ground Nos. 1, 2, 3, 19, and 26 of appellant's motion for a new trial are based upon the alleged failure of the trial judge to comply with § 1, ch. 83, Acts 1923, p. 254, being Burns' Stat., § 2-2102. This statute has been held unconstitutional by our Supreme Court in the case of *State ex rel. Kostas* v. *Johnson* (1946), 224 Ind. 540, 69 N. E. 2d 592.

Other grounds for the motion for a new trial present the question of error in the assessment of recovery by the appellant, claiming it too small, error in the assessment of recovery by appellees claiming it too large, and that the decision of the court is contrary to law.

The evidence showed that in May, 1944, Michael Zaracostas and Helen Zaracostas, who was a cousin of appellant, arrived in Indianapolis, Indiana, with two truck loads of restaurant equipment. Appellant, who, with his wife, owned the building in which the business of the partnership was conducted at 29 West Ohio Street in Indianapolis, advanced the trucking bill and made other advancements to a total of $6,125.79 to the appellees in order to get the business started. In June, 1944, a partnership agreement was entered into by the parties providing that Michael Zaracostas and Helen Zaracostas were to give their full time and best efforts to the business for which they were to have a weekly salary to be agreed upon from time to time, and it was further agreed that all monies taken in should be deposited in the Merchants National Bank and should be paid out upon checks signed by Andrew Kostas, the appellant. The agreement also provided that the other expenses including rent, heat, water, and light should be paid out and that the residue of the earnings shall be and belong one-fourth to the ap-appellant, Andrew Kostas, with three-fourths of the earnings going to Michael and Helen Zaracostas; that the three-fourths earnings going to Michael and Helen Zaracostas should be paid to the appellant to be applied to the money advanced by him until the same shall be reduced to $4,000, and after the sum advanced had been reduced to $4,000 then the earnings should be divided one-fourth to appellant and three-fourths to appellees.

It was also agreed that the appellees had the right and option to pay the appellant in full, at which time they would become the absolute owners of the business.

One of the principal contentions of the appellant in support of his motion for a new trial on the ground

of error in the assessment of the amount of recovery for the appellant is that the appellant is entitled as an excluded partner to a share of the profits of the business from and after January 1, 1945, the date on which the court found that the partnership had terminated.

In support of this contention, the appellant sets forth the correct general rule that where a partner is excluded from a partnership or the partnership is terminated, and one of the parties continues in possession and operates the partnership business and assets, such operating partner is accountable to the excluded or retired partner for the profits in the operation of the business until an accounting is made, and cites with other cases *Kist* v. *Coughlin, Tr.* (1936), 210 Ind. 622, 1 N. E. 2d 602; *Zimmerman* v. *Harding* (1913), 227 U. S. 489, 57 L. Ed. 608, and *Karrick* v. *Hannaman* (1897), 168 U. S. 328, 42 L. Ed. 484.

However, the facts of the instant case as they are presented to us on appeal present a situation which is entirely different from the foregoing cases. We must consider the peculiar wording of the partnership agreement in the present case, and particularly the provision by which the appellees had the right and option to pay the appellant in full at which time they would become the absolute owners of the business. This provision made it possible for the appellees to completely eliminate appellant from the business and from any share of any future profits after the exercise of such option. In such event of payment in full by appellees to appellant there would be no basis for any liquidation and distribution of the partnership assets to the partners as contended for by appellant.

The undisputed evidence shows that appellant had advanced the sum of $6,125.73 to appellees and that appellant had been repaid in cash the sum of $5,061.05. The evidence further shows that there was a daily average balance in the firm account subject to appellant's control of approximately $2000. The appellant admitted that the appellees had a conversation with him about withdrawing the money which was owing to him in September and November of 1944, and that Mike (Zaracostas) (our parenthesis) had told him to go ahead and draw what he had coming. The trial court from such evidence was fully justified in holding that the appellant had no further claim on the partnership assets after January 1, 1945, in that this evidence substantiated a conclusion that appellees, in compliance with the provision of the partnership agreement giving appellees the right to pay appellant in full and thereby become the sole owners of the business, had offered appellant all of the money due him; and that appellant, having money available and in his sole control out of which full payment could have been made and having been told to withdraw such money by appellees, could not thereafter claim to be entitled to an interest in the partnership, or subsequently earned profits.

We must conclude that where there is such evidence to support the finding and judgment of the trial court as to appellant's claim for a share in the partnership assets and profits after January 1, 1945, such finding and judgment must be upheld on appeal.

The appellant also contends that the trial court erred in the assessment of the amount of recovery in allegedly relying upon the testimony of expert accountants of the custom and usage in accounting practice as to the expenses which they deemed should be paid before

"earnings" were divided under the terms of the partnership agreement. Such testimony was to the effect that deduction from income should first be made for depreciation and that the costs of trucking the equipment from New York to Indiana, and the cost of preparing the room for the restaurant, and installing the fixtures, and provisioning the restaurant for business, are matters which should be treated as operating expenses before any allocation of profits under the terms of the agreement.

The evidence on the question of business expenses and profits was conflicting, and consisted of both oral and written evidence of current reports of operating expenses and the testimony of public accountants and other witnesses concerning such business expenses and profits, and the contributions of the respective parties to the business. The appellant, himself, gave his interpretation and questioned certain testimony of the public accountants.

In this case there was a general finding, and this court cannot on appeal, where there are various types of evidence much of which is conflicting, determine whether the trial court relied upon the evidence of the expert accountants entirely, or to any extent at all in reaching its decision. Every presumption is in favor of the correctness of the decision of the trial court. *Indianapolis Traction, etc., Co., v. Hensley* (1917), 186 Ind. 479, 115 N. E. 934.

Furthermore, the admission of this evidence of custom and usage in accounting practice was not objected to in the trial court, and no attempt was made to present any objection to the admission of such evidence in the appellant's motion for a new trial. The admission of this evidence, even if erroneous, could not be ground for reversal, since

there was other evidence in the record from which the court could have reached its conclusion on the amount of recovery. *Smith* v. *Keyes* (1937), 103 Ind. App. 487, 9 N. E. 2d 119.

The law is well settled that this court will not disturb the decision of the trial court as to the amount of recovery where the evidence is conflicting, and there is evidence to support the judgment. *Trammel* v. *Briant* (1900), 25 Ind. App. 375, 58 N. E. 206; *Chmielewski's Estate* v. *Chmielewski* (1936), 102 Ind. App. 20, 200 N. E. 747; *Chicago Furniture Co.* v. *Cronk* (1905), 35 Ind. App. 591, 74 N. E. 627.

The court was confronted with numerous exhibits and testimony concerning which there was conflict and the court had to weigh all of such evidence and determine its value. The trial court after a lengthy hearing, during the course of which it had the opportunity of observing the witnesses, judging the credibility of their testimony, and determining the weight to be given to the various items of evidence, arrived at its decision. The court did not give appellant what he asked, nor did it accept completely the claims of appellees. We feel there is ample evidence to support the decision reached by the trial court, and under such circumstances, it must be presumed that the trial court's decision is correct. To decide otherwise, this court would have to weigh all of the evidence which it cannot do. We feel that this case was fairly tried and a just result reached on conflicting evidence. The judgment is therefore affirmed.

NOTE.—Reported in 75 N. E. 2d 423.