VAN SICKLE *v.* KOKOMO WATER WORKS COMPANY.

[No. 29,687. Filed May 20, 1959. Rehearing denied June 29, 1959.]

*Darrel L. Hodson,* of Kokomo, *Garrison & Castor,* of Noblesville, and *Frank Pryor,* of Frankfort, for appellant.

*John E. Fell, John A. Pierce,* both of Kokomo, and *Harker, Irwin, Campbell & Harker,* of Frankfort, for appellee.

ACHOR, J.—The Kokomo Water Works Company, appellee, had taken through condemnation for purposes of a water reservoir, 121.38 acres of appellant's farm land. The appraisers appointed by the court fixed the appellant's damages at $124,200.00. Appellee filed exceptions to the report of the appraisers. After a change of venue to the Clinton Circuit Court, this cause was brought to trial on the question of the amount of damages sustained by appellant by reason of the acquisition. The jury assessed appellant's damages at $69,792.00. This appeal followed.

The assignment of error is that the trial court erred in overruling appellant's motion for new trial. Appellant assigned 25 causes for a new trial. In compliance with Rule 2-17(e) of this court the appellant grouped related causes of the motion.

Under cause 1 of the motion for new trial appellant asserts that,

"The Court erred in compelling defendant, John M. Van Sickle, to go to trial before the cause was at issue, no answer having been filed by the defendant to plaintiff's exceptions to the appraisers report"

In support of this contention appellant cites and relies upon the statute which provides that the proceeding "shall further proceed to issue . . . as in civil actions;".[1] However, the law regarding this issue has heretofore been clearly established, contrary to appellant's position. In the case of *Morrison* v. *Indianapolis, etc., R. Co.* (1906), 166 Ind. 511, 529, 76 N. E. 961, 77 N. E. 744, this court stated:

"It will be noted that section eight provides that 'any party to such action aggrieved by the assessment of benefits or damages, may file written exceptions thereto, . . . and the cause shall further proceed to issue, trial and judgment as in civil actions. . . . Such judgment as to benefits and damages shall be appealable by either party as in civil actions,' etc. Upon what issue or issues is the cause to proceed to further trial and judgment as provided by this section? Certainly not on the issue tendered by the facts alleged in the complaint, *but upon those joined and raised by the report of the appraisers as to the benefits and damages assessed and the exceptions filed thereto by the aggrieved party.*" (Our italics.)

---

1. "Any party to such action aggrieved by the assessment of benefits or damages may file written exceptions thereto in the office of the clerk of such court in vacation, or in open court if in session, within ten [10] days after the filing of such report, and the cause shall further proceed to issue, trial and judgment as in civil actions; the court may make such further orders, and render such findings and judgment as may seem just. Such judgment as to benefits or damages shall be appealable by either party as in civil actions to the Appellate or Supreme Court." §3-1707, Burns' 1946 Repl. [Acts 1905, ch. 48, §8, p. 59.]

*Halstead* v. *Vandalia R. Co.* (1911), 48 Ind. App. 96, 102, 103, 95 N. E. 439; *State* v. *Hamer* (1936), 211 Ind. 570, 579, 199 N. E. 589; *Indianapolis, etc., Traction Co.* v. *Wiles* (1910), 174 Ind. 236, 243, 91 N. E. 161, 91 N. E. 729.

Under the condemnation statute the issue is formed *as a matter of law* upon the filing of exceptions to the appraisers' award. It is not contemplated that an answer be filed to the exceptions to the award.

In cause 2 of the motion for new trial, appellant asserts that the court committed error in not requiring the plaintiff (appellee) to assume burden of proof. Appellant, *prior to the trial,* filed a motion to this effect. However, the law is well settled in Indiana that the burden of proving damages for appropriation of real estate is on the landowner. *The Evansville and Crawfordsville Railroad Company* v. *Miller* (1868), 30 Ind. 209, 210; *Indianapolis, etc., Traction Co.* v. *Wiles, supra* (174 Ind. 236); *Douglas* v. *Indianapolis, etc., Traction Co.* (1906), 37 Ind. App. 332, 337, 76 N. E. 892; *Alberson Cemetery Assn.* v. *Fuhrer* (1923), 192 Ind. 606, 610, 137 N. E. 545; *Southern Ind. Power Co.* v. *Monical* (1915), 183 Ind. 588, 590, 109 N. E. 763.

In discussing the burden of proof with regard to damages in a condemnation case, we find the following test statement:

". . . When the condemnor has established the right to take, the burden of proof is on the defendant owner in respect of the value of the property taken. . . ." 18 Am. Jur., *Eminent Domain,* §342, p. 985.

With regard to appellant's contention that the measure of damages was too small, this court will con-

sider only the evidence most favorable to appellee in determining whether the assessment of damages in favor of appellant was too small. *Mackey* v. *State* (1942), 220 Ind. 607, 611, 45 N. E. 2d 205; *Swallow Coach Lines, Inc.,* v. *Cosgrove* (1938), 214 Ind. 532, 538, 15 N. E. 2d 92; *Trammel* v. *Briant* (1900), 25 Ind. App. 375, 378, 58 N. E. 206; *Chmielewski's Estate* v. *Chmielewski* (1936), 102 Ind. App. 20, 23, 200 N. E. 747.

Upon the question of damages, appellant argues at great length that the jury failed to consider the value of gravel deposits on said land. However, the evidence regarding the commercial value, if any, of such deposits was in sharp dispute. Therefore we are obliged to accept the evidence most favorable to appellee on this subject. Appellee's witness placed appellant's damages, on an average, at $38,607. The damages assessed by the jury were $69,792.00. Under the evidence, we cannot say that, as a matter of law, the damages assessed were too small.

No error is presented regarding admission or exclusion of evidence, as asserted in causes 8 to 19 of the motion for new trial. In order to present any question regarding *admission* of evidence, the motion for new trial must set forth the question, objection and answer. *Kimmick* v. *Linn* (1940), 217 Ind. 485, 487, 29 N. E. 2d 207; *Deming Hotel Co.* v. *Sisson* (1940), 216 Ind. 587, 592, 24 N. E. 2d 912; *Crawford* v. *State, ex rel. Anderson* (1949), 227 Ind. 665, 671, 87 N. E. 2d 877.

Further, in order to present any question regarding *exclusion* of evidence, the motion must set forth the question, offer to prove and ruling. *Woodward* v. *State* (1926), 198 Ind. 70, 71, 152 N. E. 277; *Mustafov* v. *Metropolitan Life Ins. Co.* (1955),

125 Ind. App. 388, 390, 125 N. E. 2d 824. This was not done.

Next we consider appellant's contention that the court committed error by its refusal to give defendant's (appellant's) Instruction No. 7, and in giving the same as Court's Instruction No. 1, after omitting paragraphs 2, 9 and 10 from the instruction as presented. We first consider whether it was error to refuse the instruction as submitted. In *American Motor Car Co.* v. *Robbins* (1913), 181 Ind. 417, 420-421, 103 N. E. 641, this court stated the law as follows: ". . . Unless it was the duty of the court to give the instruction precisely as requested, there was no error in its refusal." (Cases cited.) The question then is whether it was the duty of the court to give the instruction precisely as presented. Significantly appellant does not argue that error was committed because of the court's refusal to give the second paragraph of Instruction No. 7, which considered other uses of the property to which it was adaptable. Therefore appellant has waived any question because of the court's refusal to give the instruction as submitted.

Appellant also here complains at length that the trial court committed error because it "modified" Instruction 7, and gave it as so modified, as "Court's Instruction Number One," without conforming to the requirements of §2-2010, Burns' 1946 Repl. [Acts 1907, ch. 283, §1, p. 652; 1935, ch. 211, §1, p. 1015.] However, this issue was not presented in the motion for new trial and therefore is not before this court on review.

Finally, we consider appellant's contention that he is entitled to a new trial because of error in conduct which occurred during the trial, as set forth in causes 22-25, of the motion for new trial. None of these asserted errors are a matter of record

and none of the facts regarding them were supported by affidavit attached to or filed with the motion for new trial. Therefore, no question is presented regarding such asserted errors. Lowe's Works' Indiana Practice (4th Ed.) Vol. 4, §61.17; §§2-2401, 2-2404, Burns' 1946 Repl.

In any event, none of the matters complained of are shown to constitute reversible error. For example, it is complained that the jurors whispered to each other as they examined exhibits passed among them and that one of the jurors took notes of the evidence during the trial. No prejudice is shown by reason thereof. Misconduct of the jury, unless explicitly prohibited, must be gross and shown to have injured the complaining party, or it will not warrant a new trial. Lowe's Works' Indiana Practice (4th Ed.), Vol. 4, §61.44; *Trombley* v. *State* (1906), 167 Ind. 231, 235, 78 N. E. 976; *Brinkman* v. *Hovermale, Admr.* (1938), 106 Ind. App. 70, 76, 13 N. E. 2d 885.

No reversible error having been presented, judgment is affirmed.

Judgment affirmed.

Landis, C. J., Arterburn and Bobbitt, JJ., concur.

Jackson, J., concurs in the result.

NOTE.—Reported in 158 N. E. 2d 460.