(No. 36181.—

TRUSTEES OF SCHOOLS OF TOWNSHIP NUMBER 36, Appellee, *vs.* LASALLE NATIONAL BANK, Trustee, Appellant.

*Opinion filed March 29, 1961.*

GEORGE E. BROGAN, of Chicago, for appellant.

KLEIN & THORPE, of Chicago, (FRANKLIN W. KLEIN, and NEWELL N. JENKINS, of counsel,) for appellee.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

This action was commenced by the filing of a petition for condemnation by the plaintiffs to acquire a 40-acre tract in southwest Cook County. The jury returned a verdict awarding the defendant property-owner $64,000 for the property, upon which verdict judgment was entered. The defendant filed a post-trial motion for judgment notwithstanding the verdict or in arrest of judgment or for a new trial, which was denied, whereupon the defendant appealed.

The subject property consists of 40 acres located at the northeast corner of Crawford Avenue and 175th Street, within the corporate limits of the city of Country Club Hills. The city was organized in 1958 and passed a zoning

ordinance on April 13, 1959, which zoned the subject property R3 residential, requiring a minimum lot of 7200 square feet. The property had always been used for farm purposes; there were no sewers, watermains or sidewalks; the closest railroad transportation was about 2 to 2½ miles east; there was no bus transportation; there were no churches within three miles except one at 183rd Street; the closest shopping center was 2½ to 3 miles east; and there were no schools in the nearby area. The subject property was 8 or 10 feet lower at the south end than at the north end.

Vacant farmland adjoined the subject property to the north as far as 167th Street, to the east, to the south as far as 183rd Street, and to the west beyond Cicero Street to Bremen Highway. To the east the property was marked with large excavated holes 25 to 50 feet deep, one such hole covering about 15 acres and another about 10 acres. A total of 80 to 100 acres had been excavated on the adjoining property.

Each side introduced the testimony of two expert witnesses. The petitioners' witnesses gave their respective opinions of the highest and best use of the subject property as residential and the fair cash market value at $1,500 and $1,600 per acre, or a total value of $60,000 and $64,000. The defendant's witnesses gave their respective opinions of the fair cash market value at $3,000 and $3,500 per acre, or a total value of $120,000 and $140,000. One of the defendant's witnesses gave his opinion that the highest and best use of the subject property was residential. The other witness for the defendant testified that the highest and best use was for residential purposes and "collateral issues—the possibility of using part of it for shopping center purposes," which would require rezoning.

The petitioners introduced evidence of four comparable sales. One sale related to 130 acres of farmland at 175th Street and Cicero Avenue, sold in 1956 for $1,000 per acre;

another sale related to 95 acres of farmland in the vicinity of 179th Street and Kedzie, sold in 1957 for $1,300 per acre; another sale related to about 88 acres of farmland at 178th-180th Streets and Cicero Avenue, sold in 1957 for $1,100 per acre; and the last sale related to about 85 acres of farmland in the vicinity of 167th Street near Cicero Avenue, sold in 1958 for $1,500 per acre.

The defendant introduced evidence of three comparable sales. One sale related to 36½ acres of farmland at 183rd Street and Kedzie, sold in 1958 for $3,000 an acre; another sale related to 74¼ acres of farmland at 187th Street and Crawford Avenue, sold on April 2, 1959 for $2,100 per acre; and the third sale related to 46 acres at 183rd Street and Crawford Avenue, sold in 1958 for $2,439 per acre.

The trial court excluded evidence of three sales attempted to be introduced by the defendant as comparable. One sale related to 3¼ acres at Flossmoor Road and Crawford Avenue, sold in 1959 for $5,500 per acre. Another excluded sale related to 5 acres at 175th Street and Kedzie, sold in 1957 for $6,000 per acre. In regard to the 3¼ acre-parcel, the property had, about the time of the sale, been zoned commercial and the trial court excluded the sale because of the smallness of the parcel and the commercial zoning. The 5-acre parcel had been purchased by a representative for Standard Oil Company for the purpose of a future site for a gas station. The court also excluded evidence of the sale of about 200 acres at $4,600 per acre, but this exclusion was on the basis that the sale occurred in October, 1959, about 4 months after the valuation date of June 30, 1959.

The defendant appealed on the sole ground that the trial court erred in excluding the evidence of the sale of the 5-acre parcel and in his remarks before the jury in excluding the evidence. The defendant does not object to the exclusion of the other two sales. In fact the defendant reduced its basis for appealing to the single issue "that the

Court really gave only one reason for the exclusion of the sale, namely the price paid, and that this is not a legally acceptable reason."

This court has repeatedly held that where the jury has viewed the premises and the amount fixed is within the range of the evidence, the verdict of the jury will not be disturbed unless the record clearly shows that it has been influenced by passion or prejudice or unless there was a clear and palpable mistake. *Department of Public Works and Buildings* v. *Pellini, 7* Ill.2d 367; *Department of Public Works and Buildings* v. *Lambert,* 411 Ill. 183.

In *Forest Preserve District of Cook County* v. *Collins,* 348 Ill. 477, we summarized several guiding principles in the use of comparable sales: "The rule is that evidence of the voluntary sale of land in the vicinity, similarly situated, about the time of the transaction in question, is admissible to aid in estimating the value of the land sought to be taken, but the party offering the proof must first show that the land so sold is similar in locality and character to the land sought to be acquired. No positive rule can be laid down as to the degree of similarity or the nearness of time and distance required to make such sale competent as evidence. These are matters which rest largely within the sound discretion of the trial court."

In excluding the sale questioned in this appeal, the trial court said "after hearing the price paid for that five acres on that corner, this large price, about double all the others, I guess I am going to exclude the price paid in that five acre sale on this corner. I think it was Standard Oil paid for it. I think the smallness, and the other circumstances * * * combined with the price that was given, would not make it a comparable sale * * *. Added to that * * * we have on each side a number of three, four, five sales which have been allowed in * * *."

We are of the opinion that the trial court's statement did not impassion or prejudice the jury. The trial court

had earlier excluded evidence of the sale of a 3¼-acre parcel on the grounds that it "could be built with a gas station * * * a corner piece that small." The defendant does not complain of this exclusion, yet in regard to the 5-acre parcel, the court used substantially similar language, "on this corner. I think it was Standard Oil paid for it. I think the smallness, and the other circumstances * * * would not make it a comparable sale." The seven admitted comparable sales were all of acreage so substantially larger than the excluded sale that, taken with the exclusion of the other small parcel, the jury must have been impressed with the factor of smallness emphasized by the court. It is also pertinent to note that the defendant's experts fixed the value of the property at $3000 and $3500 per acre, which indicates that they themselves were not impressed with the comparability of the $6000 per acre parcel.

We have held in other eminent domain actions that where there are other witnesses and evidence as to value on both sides, even the improper admission (*Trustees of Schools* v. *Kirane*, 5 Ill.2d 64) or the improper exclusion (*Forest Preserve District of Cook County* v. *Krol*, 12 Ill.2d 139,) of value evidence does not constitute reversible error where the jury has the opportunity of weighing the conflicting evidence admitted on behalf of both sides.

The judgment of the superior court of Cook County is affirmed.

*Judgment affirmed.*