PUBLIC SERVICE COMPANY OF INDIANA, INC. *v.*
LEVENSTEIN BROS. REALTY CO., INC.

[No. 30,211. Filed May 20, 1965.]

*Paul G. Jasper, Charles W. Campbell* and *Greg K. Kimberlin,* of Indianapolis, *Richard T. Lineback,* of Greenfield, and *Brunner, Brown & Brunner,* of Shelbyville, for appellant.

*Glen T. Williams, Wilbur F. Pell, Jr.,* and *Pell & Matchett,* of Shelbyville, for appellees.

LANDIS, J.—Appellant utility brought suit for the condemnation of a 200 foot easement strip over certain real estate owned by appellees situated in Shelby County, Indiana. Appraisers were appointed to assess damages and filed their appraisement in the amount of $11,287.50. Appellant and appellees each excepted to the appraisers' report and issues were formed and trial was had by jury resulting in a verdict in the amount of $14,500.00 with interest at the rate of 6% per annum. Appellant has assigned error on the overruling of the motion for new trial.

Appellant first contends the verdict of the jury is excessive for the reason that it exceeds the highest figure estimated by competent credible evidence.

The record reveals the testimony of five (5) witnesses for appellees who estimated damages from $13,775.00 to $28,000.00, and the testimony of eight (8) witnesses for appellant who estimated damages from $2,800 to $5,000.

The evidence is without dispute that appellant by its complaint appropriated and condemned a 200 foot easement strip for the purpose of erecting, operating, and maintaining electric transmission lines across appellees' property. The strip was approximately 1,534 feet in length and involved acreage of 7.05 acres. Appellant could construct not to exceed two steel towers on the strip with appellees-landowners retaining the right to use the easement strip in any manner not inconsistent with the easement interest appropriated. The easement strip separated the north 15 acres from the balance of the tract.

Appellant has attacked the probative effect of the testimony of appellees' witnesses as to value contending the opinions reached by such witnesses were based upon erroneous information and assumptions.

Appellant has contended, for example, that the testi-

mony of Earl F. Hammond, president of the Shelby National Bank, was valueless as the witness's figure of $23,050.00 as to damages was predicated upon the assumption that the 15 acre tract to the north of the right-of-way was a complete severance and was cut off from the rest of the area whereas in fact the owners retained the right to use the strip in any manner not inconsistent with the easement.

Appellant's contention is not supported by the record, however, for as appellees have pointed out the witness Hammond did not testify there was a complete severance but in actuality stated there was not a complete severance.

Another witness, Mose Levenstein, one of defendants-appellees, the president of Levenstein Bros. Realty Co., Inc., who was conceded by the parties to be a previous owner of the property in question, testified without objection that the difference between the fair market value of the property immediately before and after the condemnation was $20,000.00. He was not cross-examined by appellant as to such testimony nor was his competency questioned.

Further it appears here the jury viewed the premises in question and could thus after a personal inspection of the property have weighed and considered the various conflicts in the evidence from the 13 different witnesses for appellant and appellees as to valuation and the particular interests taken. The jury's verdict of $14,500 was well within the range of the testimony of the above witnesses and it is not our province as a court of review to invade the jury's function in weighing conflicting evidence. As the Court stated in *Forest Preserve Dist.* v. *Kercher* (1946), 394 Ill. 11, 25, 66 N. E. 2d 873, 881:

"It is true there is considerable conflict as to the use of the particular parcels and a conflict in

values. The jury, however, viewed the property and had the full benefit of such view in considering the evidence and arguments. It is the rule in this State that where damages are awarded by a jury in a proceeding in which the evidence is conflicting, and the jury views the premises and fixes the amount of compensation within the range of the evidence, its verdict will not be disturbed unless there has been a clear and palpable mistake or the verdict was the result of passion and prejudice."

Appellant has next contended the court erred in permitting Wilbur F. Pell, Jr., to testify as a witness over appellant's objection to the amount of acreage of allegedly comparable real estate which had been purchased by the General Electric Company. Appellant had objected that witness Pell, who as attorney had represented General Electric in the transaction, should not be permitted to answer the question but that under the best evidence rule the best evidence was the deeds themselves.

We are unable to see how appellant could possibly have been harmed by the above ruling of the court. The record discloses that the witness Berkley Duck, a real estate broker from Indianapolis, had previously testified without objection to the same effect as the witness Pell regarding the amount of acreage of said real estate and it further appears the deeds themselves (exhibits 25 and 26) were later introduced without objection establishing the same facts as to acreage as Pell had previously testified. We must conclude the evidence was cumulative and no reversible error was committed by the trial court by this ruling. *Hook* v. *Dorsam* (1964), 135 Ind. App. 626, 630, 196 N. E. 2d 416, 418; *Roesner* v. *American Car & Foundry Co.* (1937), 104 Ind. App. 55, 59, 5 N. E. 2d 688, 689; 2 I. L. E., Appeals, §620, p. 635.

Appellant further contends the court erred in admit-

ting over its objection appellees' exhibit 18 which was a written option agreement for the purchase of ■ adjoining real estate and also personal property.

We are again unable to see how this ruling could have been harmful to appellant as the objected-to exhibit showed an offer to purchase for $1,000 an acre; and appellant's own witness, Paul Starrett, testified without objection that the property in question in fact was sold for $1,000 an acre. The evidence was obviously cumulative.

Appellant has further contended the court erred in permitting the witness Wilbur F. Pell, Jr., to testify over its objection as to his opinion concerning the ■ value of certain real estate which he had formerly owned. He stated this was $42,500. Appellant's objection to the question was " . . . for the reason that the only evidence admissable [sic] would be sales and not opinions as to value". Appellant's objection was not as full and complete as it properly could have been as appellant made no reference to the fact that neighboring land was here involved and that facts rather than opinions could only be testified to in regard to such real estate, if that was its objection. However, in any event we are unable to see how appellant could have been seriously harmed by such evidence in this case as the witness Berkley Duck had previously testified without objection that the same real estate had sold for $40,000. The evidence was therefore again cumulative in nature.

Appellant also contends error was committed in permitting the witness McColley to testify as to fair market value of certain real estate and the house and improvements at the time he purchased them.

However the record does not reveal that the witness testified as to the fair market value but what the witness figured the value to be, his testimony in this respect being:

"I figured the real estate was worth $15,000."

Appellant's objection before McColley's answer was that:

"... the question is the fair cash, the fair market value now and not what he figures."

The answer relating what "the witness figured" may well have been objectionable but as appellant has made no argument in his brief as to the incompetency of what "the witness figured," no question is presented relative thereto.

Appellant has next contended error was committed in admitting into evidence a written lease of neighboring property and a letter by an attorney in relation thereto. Appellant's argument is stated to be the same as that addressed to the admission of exhibit 18 which we have previously discussed herein. Appellant's further contention that the neighboring real estate was not comparable in nature is in our opinion generally a question for the jury, and no abuse of the court's discretion in submitting the issue to the jury is here shown. See: *School Trustees* v. *La Salle Nat. Bk.* (1961), 21 Ill. 2d 552, 556, 173 N. E. 2d 464, 465; *Baetjer* v. *U. S.* (1944), 143 F. 2d 391, 397.

Appellant has further complained that the court erred in overruling appellant's motion to strike out the testimony of the witness Phil Banawitz:

"... as to the value of the easement taken only for the right-of-way on the ground that the witness has demonstrated by his testimony that he does not understand the nature and extent of the rights acquired by the plaintiff in this case and he has made his testimony upon the assumption that the only rights retained to the land owner on the easement strip would be that of farming and in support thereof plaintiff cites 172 N. E. (2) 204."

The witness Banawitz was a licensed real estate broker and a professional appraiser and appellant's motion was made at the close of the direct examination.

An examination of the transcript reveals that appellant has overstated the effect of such witness's testimony. The record does show that Banawitz stated that:

> "After the taking in my opinion the 7.05 acres [the easement strip] would revert back to agriculture or related land and land usuage [sic] or $300.00 per acre."

Also appellees' exhibit 23, a map of the real estate in question, prepared by witness Banawitz and introduced in evidence in his direct examination, shows that the "highest and best use" of the easement strip after the taking in the opinion of Banawitz was for agricultural and related uses. But this is a far cry from saying the witness stated farming was the *only* use or right retained, as contended by appellant.

In *Southern Ind. Gas & Electric Co.* v. *Gerhardt* (1961), 241 Ind. 389, 399, 172 N. E. 2d 204, 208, relied on by appellant, one of the witnesses whose testimony had been attempted to be stricken, stated he would place no value on the rights left the landowner in the easement after the Electric Company acquired the easement. His testimony was that the rights left in the strip taken would be of more trouble and inconvenience than of value to a farmer. A motion was made to strike his testimony " 'on the ground that he says it is the same as if it had been a fee-simple title which is not a proper foundation for valuation in this case, they are not taking the fee-simple title.' " This Court in holding the motion to strike the testimony was properly overruled said it appeared the witness knew the difference between the rights taken and the rights remaining with the landowner, and merely considered the rights retained by the landowner in the easement as valueless.

This, we stated, was an opinion of the witness which instead of presenting a question of law, presented an issue of fact which could properly be weighed and considered by the jury in determining whether it was entitled to credibility. The witness whose testimony in *Southern Ind. Gas, supra,* we held should have been stricken was one who predicated his opinion as to value upon the erroneous assumption the Electric Company could " ' . . . control the matter of access across the right-of-way . . . [and could] put anything on there that they wanted to.' " This situation is entirely distinguishable from the case at bar where we have at the most an opinion of the witness that the highest and best use after the taking was for agriculture and related uses, which again is a jury and not a court question.

The fact that the easement after the taking could, in the view of the witness be utilized for other purposes, was revealed by his subsequent cross-examination by appellant when he stated it could be also used for parking, open field storage, park facilities, and recreational areas and that the rights reserved to appellees were those not inconsistent with the easement interest and the rights and privileges appropriated and condemned.

Motions to strike portions of a witness's previous testimony must clearly indicate the evidence to have been improperly admitted and must be precise in referring to it. Trial courts should only sustain such motions after exercising considerable caution and after concluding the evidence cannot properly be submitted to a jury. *Southern Ind. Gas & Electric Co.* v. *Gerhardt* (1961), *supra,* 241 Ind. 389, 398, 172 N. E. 2d 204, 208; *O'Brien* v. *Knotts* (1905), 165 Ind. 308, 316, 75 N. E. 594, 597; *Southern R. Co.* v. *State* (1905), 165 Ind. 613, 626, 75 N. E. 272, 276. No error was committed by the trial court in the respect urged.

Appellant has also urged that the court erred in excluding appellant's exhibits N, O, P and Q, which were photographs showing the so-called high line of appellant company as it runs through the Sunset Addition of Shelbyville and along the north side of the swimming pool and the Standard Grocery. Appellees objected on the ground the telephone poles and power poles were of wooden construction in the exhibits and the location was different from the case at bar and presented an immaterial and collateral issue. No effort was made by appellant to show that the utility line and supporting installations shown were comparable to those involved in the case at bar nor that the uses retained by the landowners in the exhibits were similar to those in the instant case. In fact the wooden utility poles were of a different nature from the steel towers contemplated in the instant case. If the exhibits had a bearing upon the interests retained by the landowners in the instant case, a sufficient showing should have been made by appellant to establish such fact. Otherwise they presented a collateral issue and conceivably could have misled the jury. Similarly the questions asked the witness Banawitz by appellant relating to the interests retained by the landowners in the picture exhibits could properly have been considered by the trial court as objectionable as no sufficient connection was shown to relate them to the case at bar. We are unable to conclude the trial court committed reversible error in sustaining appellees' objections and excluding this evidence.

The remaining questions argued by appellant have to do with the trial court's refusal to give certain of its instructions.

These contentions are not however meritorious as appellant's tendered instruction 2 was covered by instruc-

tions 13, 14, 15 and 16; appellant's tendered instruction 5 was sufficiently covered by instructions 12 and 18; appellant's tendered instruction 7 was sufficiently covered by instruction 1; appellant's tendered instruction 9 was adequately covered by instructions 45 and 46; and appellant's tendered instruction 26 was substantially covered by instructions 21, 25, 34, 35 and 36.

Appellant concedes it has waived error as to all remaining instructions.

No reversible error having been shown, the judgment is affirmed.

Arterburn, C. J. and Myers, J., concur.

Jackson and Achor, JJ., concur in result.

NOTE.—Reported in 207 N. E. 2d 202.