LOUIS ANNEE, ETC. *v.* STATE OF INDIANA.

[No. 770S159. Filed August 3, 1971. Rehearing denied October 21, 1971.]

*James L. Brand,* of Greenfield, for Appellant.

*Theodore L. Sendak,* Attorney General, *Darrel K. Diamond,* Deputy Attorney General, for Appellee.

HUNTER, J.—This is an appeal from a condemnation proceeding brought by the State of Indiana for the purpose of acquiring for highway construction approximately thirty-six (36) acres of an eighty-one (81) acre tract owned by the appellants on which there was a nine hole golf course, club

house, and swimming pool. The State of Indiana filed its complaint pursuant to IC 1971, 32-11-1-2, (Ind. Ann. Stat. § 3-1702 [1968 Repl.]), and the Marion County Superior Court appointed appraisers. The appraisers' report set damages at three hundred ninety thousand eight hundred and thirty-one dollars ($390,831.00). Amended complaints were filed by appellee, and appellant filed an answer to appellee's fourth amended complaint. The Marion County Superior Court filed twenty-six (26) instructions to be given the appraisers pursuant to the appellee's fourth amended complaint. The appraisers' report then set damages in the amount of four hundred twenty eight thousand dollars ($428,000.00). Both appellants and appellee filed exceptions to the report. Trial by jury was had in Hancock Circuit Court. Testimony at trial as to damages ranged from one hundred seventy one thousand seven hundred dollars ($171,700.00) to five hundred forty-one thousand dollars ($541,000.00). The jury returned a verdict setting the amount of damages at two hundred ten thousand dollars ($210,000.00). This is an appeal from that verdict.

This court has jurisdiction of this appeal by virtue of IC 1971, 33-3-2-7 (Ind. Ann. Stat. § 4-214 [1968 Repl.]), which requires that appeals of condemnation proceedings for the appropriation of lands for public use be taken directly to the Supreme Court of Indiana.

The issues presented for review are that the damages assessed and awarded to the appellants were inadequate and that the amount of such damages was not supported by substantial evidence.

Concerning the question of the adequacy of damages, the instant case is much like *Van Sickle* v. *Kokomo Water Works Company* (1959), 239 Ind. 612, 158 N. E. 2d 460. On that occasion, this court said:

"With regard to appellant's contention that the measure of damages was too small, this Court will consider only the evidence most favorable to appellee in determining whether the assessment of damages in favor of the appellant was too small. *Mackey* v. *State* (1942), 220

Ind. 607, 611, 45 N. E. 2d 205; *Swallow Coach Lines, Inc.* v. *Cosgrove* (1938), 214 Ind. 532, 538, 15 N. E. 2d 92; *Trammel* v. *Briant* (1900), 25 Ind. App. 375, 378, 58 N. E. 206; *Chmielewski's Estate* v. *Chmielewski* (1936), 102 Ind. App. 20, 23, 200 N. E. 747.

Upon the question of damages, appellant argues at great length that the jury failed to consider the value of gravel deposits on said land. However, the evidence regarding the commercial value, if any, of such deposits was in sharp dispute. Therefore we are obliged to accept the evidence most favorable to appellee on this subject. Appellee's witness placed appellant's damages, on an average, at $38,607. The damages assessed by the jury were $69,792. Under the evidence, we cannot say that, as a matter of law, the damages assessed were too small." 239 Ind. at 616-617, 158 N. E. 2d at 462-463.

In the instant case, the testimony concerning damages was sharply in conflict. Appellee had two qualified witnesses concerning damages, one of whom set damages at one hundred seventy-one thousand seven hundred dollars ($171,700.00) and the other placed them at one hundred eighty-nine thousand five hundred dollars ($189,500.00). The damages awarded by the jury were two hundred ten thousand dollars ($210,000.00). Therefore, accepting the evidence most favorable to appellee, we cannot say that the damages assessed were too small, as a matter of law.

Appellants' second contention is that the amount of damages assessed was not supported by substantial evidence. We cannot agree. It is the well established rule in Indiana that this court will not disturb an award for damages when the amount is within the bounds of the probative evidence adduced at trial. *City of Indianapolis* v. *Schmid* (1968), 251 Ind. 147, 240 N. E. 2d 66; *Public Service Co. of Ind.* v. *Levenstein Bros. Realty Co.* (1965), 246 Ind. 520, 207 N. E. 2d 202; *State* v. *Monninger* (1962), 243 Ind. 174, 182 N. E. 2d 426. Although there is great disparity in the testimony in the instant case, with amounts running from one hundred seventy-one thousand seven hundred dollars ($171,700.00) to five

hundred forty-one thousand dollars ($541,000.00), the award clearly falls within the bounds of the probative evidence.

Appellants make an extensive argument that there is no visible way to decipher the manner in which the jury reaches its total. They claim that, although the jury may believe part or any of the testimony of the qualified witnesses, it must accept the categories given by these witnesses because the jury cannot believe part of a fact, and that by taking the categorizations given by these witnesses, it is impossible to arrive at the total awarded by the jury. This argument is fallacious. First, there are innumerable factors which might be considered in arriving at the total. Secondly, the testimony of the witnesses is not fact but opinion. The jury is not bound by the exact evaluations given by these witnesses in determining damages.

> "The jury in the case at bar in determining the question of damages was not bound or limited to the estimates given by witnesses in regard to the value of the lands in dispute, or the cost of changing and constructing fences, wells, etc. These, it is true, were elements of damages which the jury was required to consider, and, while the opinions of witnesses relative thereto were evidences (sic) of the facts in respect to the damages, still the jury was not bound under the circumstances to accept such opinions as absolutely determining the amount of damages sustained by appellants."

*Heath* v. *Sheetz* (1905), 164 Ind. 665, 670, 74 N. E. 505, 507. See also, *Trustees of Indiana University* v. *Williams* (1969), 252 Ind. 624, 251 N. E. 2d 439. Although it could be argued that a jury may not partially believe a fact, the jury may partially believe an *opinion* as to that fact. Who is to say what portions were believed, or that the categorization used by a witness is the only one available? Our inability to actually look into the minds of the jurors is, to a large extent, the reason behind the rule that we will not reverse if the award falls within the bounds of the evidence. We cannot invade the province of the jury to decide the facts and cannot reverse unless the verdict is clearly erroneous. The

award in the instant case falls within the range of the evidence given at trial and is not clearly erroneous, as a matter of law.

Judgment affirmed.

Arterburn, C.J., DeBruler, Givan and Prentice, J., concur.

NOTE.—Reported in 271 N. E. 2d 711.

## ON PETITIONS FOR REHEARING

HUNTER, J.—We have received a petition for rehearing from both parties in this case. Appellants' petition contains no new arguments except for a claim that our decision raises a conflict between two doctrines. One is the rule that the Supreme Court will not disturb an award for damages in a condemnation suit when the amount of the award is within the bounds of the probative evidence. The other rule is that the jury's view of the premises condemned is not to be considered by the jury as evidence. We fail to see how these two doctrines are necessarily conflicting. Although the view is not to be considered evidence, it does allow the jurors to better understand the testimony given by the witnesses at trial.

The State asks that we make provision for interest allegedly due the State on moneys drawn by the defendants over and above the amount awarded as damages by the trial court, and also that ten per cent (10%) damages be assessed per A.P. 15(F). This Court is of the opinion that the moneys due the State cannot be deemed a judgment for money within the meaning of IC 1971, 24-5-1-2 (Ind. Ann. Stat. § 19-12-102 [1964 Repl.]). The award was for the defendants, not the plaintiff. The defendants drew three hundred ninety thousand eight hundred thirty-one dollars ($390,831) of the court appointed appraisers total award of four hundred twenty-eight thousand dollars ($428,000). The defendants were ordered to refund the difference between the amount previously drawn and the amount awarded by the trial court but this could not be considered a money judgment for the State. The State has

not referred us to any case where an ordered refund such as occurred in this case was construed as a money judgment allowing interest upon it. In addition, we do not consider it a proper policy of the State to collect interest from its taxpayers in an instance such as this.

The damages of ten percent (10%) allowed under A.P. 15(F) are discretionary with this Court and we feel they should not be issued without a strong showing of bad faith on the part of the defendants. Since the defendants cannot be sure they will be required to return the moneys until after their petition for rehearing is denied, bad faith has not been demonstrated.

For the above stated reasons both petitions for rehearing must be denied.

Petitions denied.

Arterburn, C.J., DeBruler, Givan and Prentice, JJ., concur.

NOTE.—Reported in 274 N. E. 2d 260.