Rosenberg et al. *v.* Village Shopping Center, Inc., et al.

[No. 31,085. Filed July 18, 1968.]

*Arch N. Bobbitt*, of Indianapolis, *Harry A. Psimos*, of Gary, *Ruckelshaus, Bobbitt & O'Connor*, of counsel, of Indianapolis, for appellants.

*Gavit and Gavit*, of Gary, for appellee, Hudsons In The Village, Inc., *Sackett, Pyatt and Waitkus*, of Gary, for the remaining appellees.

JACKSON, J.—The action below was instituted by appellants as plaintiffs seeking a temporary injunction against the appellees as defendants. Plaintiffs predicated their action on the alleged violation of one of the provisions of a written lease held by them, the terms of which they claimed were breached by the landlord by the denial of an alleged first right in the appellants to the space now occupied by appellee, Hudson's In The Village, Inc., (hereinafter called Hudson's).

The question below was whether or not a temporary injunction should issue.

After the hearing on appellants' complaint, the trial court made and entered its findings of facts and conclusions of law,

thereafter it entered an interlocutory order denying the temporary injunction.

Appellants contend the issues before this Court in this appeal are:

"Whether the decision of the trial court is contrary to law. Whether the finding of trial court is supported by sufficient evidence.

Whether the trial court failed to make a finding of an ultimate fact based on uncontroverted evidence as to the waiver of the restriction of assignment of the lease without the consent of the landlord.

Whether the court erred in refusing and denying a temporary injunction to the appellants contrary to law."

In order that the issues presented below may be clearly delineated we are setting out portions of appellants' complaint and the pertinent portion of the lease on which appellants predicate their right of action.

The pertinent paragraphs of the complaint are numbered and read as follows:

"1. That the plaintiffs are engaged in a business of women's apparel and accessories in a price line sold by the defendant Hudson's Inc. at retail in Calumet Township, Lake County, Indiana.

2. That the defendant, Hudson's Inc., is engaged in the sale of women's apparel and accessories at a price line specialized in by the plaintiff and is a rival and competitor in the sale of women's apparel and accessories.

3. That the defendant, Village Shopping Center in Calumet Township, Lake County, Indiana, and has since the execution of the lease hereinafter mentioned conveyed said shopping center to the defendant, Pennsylvania Real Estate Investment Trust of Philadelphia, Pennsylvania, and that L. I. Combs, Jr., and/or Village Shopping Center Inc. is the duly authorized agent, operating an office for said defendants in the Village Shopping Center in Calumet Township, Lake County, Indiana.

4. That on or before the 1st day of November, 1955, the plaintiffs and the defendant, Village Shopping Center, Inc., an Indiana corporation, entered into a written lease, the

original of which is in the possession of the defendants, Village Shopping Center, Inc. and/or Pennsylvania Real Estate Investment Trust, and has never been delivered to plaintiffs, whereby among other things, the defendant, Village Shopping Center, Inc., agreed to lease to the plaintiffs a certain storeroom in said shopping center more particularly described in said lease for a period of ten (10) years commencing on November 1, 1955, at an annual rental of minimum SEVEN THOUSAND FIVE HUNDRED and no/100 ($7,500.00) DOLLARS and as additional rental an amount equal to six (6%) per cent of gross sales from ONE HUNDRED TWENTY-FIVE THOUSAND and no/100 ($125,000.00) DOLLARS to TWO HUNDRED THOUSAND ($200,000.00) DOLLARS and five (5%) per cent of all gross sales in excess of TWO HUNDRED THOUSAND ($200,000.00) DOLLARS.

5. The said lease further provides as more particularly appears in the agreement entered into between the plaintiffs and the Village Shopping Center Inc. that in the event the landlord or its assigns should elect to expand the center, the tenant shall be granted the right of first refusal of a women's apparel store in the price line specialized in by the tenant. This right shall be granted to the tenant for a period of three (3) weeks.

6. That pursuant to the terms of said lease the plaintiffs exercised their election to exercise the option contained in said lease and said lease was renewed for an additional five (5) year period from November 1, 1965.

7. That subsequent to the execution of the lease and the election to exercise the option, the said Village Shopping Center Inc. sold and conveyed said shopping center to the defendant, Pennsylvania Real Estate Investment Trust, and assigned thereto the lease referred to in this complaint and that at all times hereinafter mentioned, the defendant, Pennsylvania Real Estate Investment Trust, had full knowledge and notice of all of the terms and conditions of the above and foregoing lease and particularly of the provision set forth in rhetorical paragraph 5.

9. That said agreement, by the terms thereof, as the defendants well knew at the time it was entered into, was for the purpose of securing to the plaintiffs the exclusive advantage which was obtained for the sale of women's apparel and accessories and to prevent the lessor or its assigns from leasing any premises in the Village Shopping Center without first giving the plaintiffs the right to lease said

premises in the event the lessor was to lease said premises to a tenant specializing in women's apparel and accessories in the price line specialized in by the plaintiffs and to obtain for the plaintiffs the prestige and renown that would accrue from the exclusive sale of women's apparel and accessories in a price line specialized in by the plaintiffs in said premises situated in said Village Shopping Center.

10. That plantiffs have at all times been ready and willing to comply with all of the terms and conditions and covenants in this agreement entered into by the plaintiffs.

11. That the plaintiffs now occupy the said premises leased to them under said agreement and has fitted out the same for the purpose of selling women's apparel and accessories at a cost and upwards of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS.

12. That since the execution of the lease as aforementioned there has been an expansion of business traffic in said shopping center; there has been an expansion of the market for the sale of women's apparel and accessories in the price line specialized in by the plaintiffs in said shopping center and the purpose and intention of the said lease was to prevent the defendant lessors from leasing any storeroom in said shopping center to any person specializing in a women's apparel and accessories price line specialized in by the plaintiffs and in the event of any of the above and foregoing expansion factors, the plaintiffs would be given the first right to lease a storeroom in said shopping center which the defendants failed to do.

13. That said lessor and/or its assignee are planning to or has entered into an agreement with the defendant, Hudson's Inc., to lease or has leased to it an adjoining store in said Village Shopping Center near the premises occupied by the plaintiffs and that prior to the execution of the lease to the defendant, Hudson's Inc., said defendant, Pennsylvania Real Estate Investment Trust, was informed of the lease of the plaintiffs and all of its covenants and conditions.

14. That the said defendant, Hudson's Inc., is planning to open a store in said shopping center and is planning to sell women's apparel and accessories in a price line specialized in by the plaintiffs in the premises leased to it by the said lessor and lessor has failed to comply with the covenants and agreements of the said lease in that it has not notified the plaintiffs of its intention to lease the premises to the defendant, Hudson's Inc., and to give the plaintiffs the right of first refusal of a women's apparel

and accessories store in a price line specialized in by the plaintiffs.

15. That the defendant, Hudson's Inc., knew of plaintiffs' lease and that the defendant, Pennsylvania Real Estate Investment Trust, leased the said storeroom in said shopping center well knowing the terms of the said agreement.

17. That plaintiffs will be put under irreparable loss and injury if the lessor's assignee, Pennsylvania Real Estate Investment Trust, be suffered to break its agreement with the plaintiffs and that plaintiffs will be damaged in business if the defendant, Hudson's Inc., sells women's apparel and accessories in a price line specialized in by the plaintiffs in said shopping center, thus depriving the plaintiffs of the prestige and renown which it has acquired by the sale of women's apparel and accessories in said shopping center and plaintiffs will be damaged in the loss of receipts from the sale of women's apparel and accessories by reason of the sale of said merchandise in the store to be occupied or occupied by the said defendant, Hudson's Inc., in said shopping center in a manner altogether impossible to be compensated for in an action for any damages and can in no other place obtain the same advantages for the sale of women's apparel and accessories in the store occupied by it in said shopping center.

19. That plaintiffs have never been notified of the execution of any lease with the defendant, Hudson's Inc., and plaintiffs were informed that the defendant, Pennsylvania Real Estate Investment Trust, intends to and if not restrained therefrom will go forward with the intended lease or tenancy agreement with the said Hudson's Inc.

20. That an emergency exists in that the defendant, Hudson's Inc., is planning a grand opening in the premises above described in said shopping center on November 14, 1966, and unless restrained without notice the defendant, Hudson's Inc., before a notice of this petition for temporary injunction can be served upon the defendants and a hearing can be had thereon, the defendants will open said store and the purpose of this action will be defeated to the irreparable damage of the plaintiffs."

Appellants asked and were granted leave to amend the complaint by interlineation of paragraph 3a, which amendment reads as follows:

"3a. That the owners of said real estate are Lloyd Pechtel, Sylvian Cohen, John A. Fleming, Morse Kavits, Raymond J. Pearlman, Max William Corman, Marvin Raganis, Robert J. Rowe, David H. Solmes, James H. Tate, Gabriel Wise, Jack L. Waljan as trustees under trust indenture last amended May 8, 1963, filed in the office of the Secretary of State on March 23, 1965, and recorded in Marion County as Instrument No. 6522720 designated as Pennsylvania Real Estate Investment Trust of 12 South 12 Street, Philadelphia, Pennsylvania, and that Leslie I. Combs, Jr. is the agent and employee of said real estate investment trust with offices at 3658 Grant Street, Gary, Indiana."

Appellants asked and were granted leave to amend the complaint as to the appellee, which amendment reads as follows:

" . . . the plaintiff moves that the defendant's name on the complaint and in the body be corrected from Hudson's Inc., to Hudson's in the Village, Inc.

. . . .

Request granted."

The pertinent part of the lease by which appellants claim the right of first refusal is found on page six of the lease as part of Article VIII between pages 213 and 214 of the transcript and reads as follows:

"In the event Landlord should elect to expand the center, Tenant shall be granted the right of first refusal for a women's apparel and accessory store in the price line specialized in by the Tenant. This right shall be granted to Tenant for a period of three weeks."

Appellant introduced into evidence plaintiff's Exhibit No. 1 being a copy of the lease entered into in 1955; as Exhibit No. 2 letter of March 19, 1964, extending term of original lease for an additional five year period from the end of the first lease; as Exhibit No. 3 an assignment of the Rosenberg lease to appellees, Pennsylvania Real Estate Investment Trust from Village Shopping Center, Inc.; as Exhibit No. 4 lease dated September 15, 1966, between Pennsylvania Real Estate Investment Trust and L. I. Combs as agent therefor as lessor

and defendant Hudson's as lessee; as Exhibits Nos. 5 to 12 inclusive photographs of the premises involved; as plaintiff's Exhibit 13 a newspaper advertisement showing the exterior of Hudson's and an announcement that it would be open November 14, 1966; as Exhibit No. 14 its affirmed complaint which was admitted into evidence.

Defendants Village Shopping Center, Inc. introduced into evidence Exhibit A, an addendum to the original Rosenberg lease showing the expansion made to the shopping center; and Exhibit B, an aerial photograph of the Village Shopping Center.

A condensed recital of the evidence adduced is as follows:

On July 12, 1955, defendant, Village Shopping Center, Inc., an Indiana corporation, entered into a written lease as landlord for a period of ten years beginning November 1, 1955, with Hecht's Bonnie Shop, Sol P. Rosenberg and Evelyn Hecht Rosenberg, partners, for a store room in the Village Shopping Center in Gary, Indiana. Marshall's Inc., took possession of the premises although there was never, so far as disclosed by the record here, any assignment of the lease from Hecht's Bonnie Shop or the Rosenberg's to it.

There is conflict in the evidence as to whether or not the Rosenbergs sought or were promised an exclusive option for a ladies' ready to wear store in the price lines indicated and described as about the line of Three Sisters.

The lease was amended in 1957 by substituting the plat plan attached to the original lease and in its place was installed a new plat plan as a part of the lease.

Thereafter the lease was extended for an additional five year term by letter from Melvin J. Cole, attorney for Marshall's, Inc.

Since 1955 to the date of trial there had been two extensions or expansions of the shopping center totaling 140,000 or 150,000 square feet. Sometime in March 1965, the Village Shopping Center, Inc. sold the real estate known as Village

Shopping Center to the Pennsylvania Real Estate Investment Trust. Thereafter, or concurrently therewith the Rosenbergs' and other leases were assigned to the new owner. The space now occupied by Hudson's is in the original construction, in what was formerly Hannah's and not in the expanded area. Plaintiff's store has a 25 foot frontage, Hudson's has a 50 foot frontage.

In August, 1966, Mr. Leslie I. Combs, Jr., former owner of the shopping center, and thereafter and now of the firm having the management contract to manage the. center for the present owner, had a conversation with Bill Egherman, one of the stockholders of Marshall's Inc., in which Mr. Egherman indicated his brother Marshall would like to have the space in the shopping center vacated by Hannah's Hardware Store for the Ladies Shop, a store operated in downtown Gary by Marshall Egherman. No mention was made by either party that a ladies apparel shop was going in the space formerly occupied by Hannah's, nor did Mr. Combs advise Mr. Egherman of any negotiations pending between Hudson's and the present owners of the shopping center. There was, according to Combs' testimony, no specific request on the part of Marshall's Inc. or Sol Rosenberg for the space formerly occupied by Hannah's, nor did he offer that space to plaintiff. Mr. Egherman testified he saw the Hudson sign on September 6th, 1966.

There is conflict in the evidence on the question of additional space being requested by plaintiff. Marshal Egherman testified he had conversations regarding additional space in the center as long ago as seven or eight years, but that since the inception of the lease there was never any space made available to them nor were they ever approached or asked to take Hudson's space.

Marshall Egherman also testified Marshall's, Inc., is a corporation. He owns 51% of the stock and his brother William Egherman owns 49% of the stock and has been manager of

the store for the past three years. He stated that he did not know of the execution of the lease between the Village Shopping Center or the Pennsylvania Real Estate Investment Trust and Hudson's. He was advised of the sign (Hudson's) by his employees.

There was testimony on behalf of plaintiff that it would suffer immeasurable damages in loss of business and in reputation, and that there was no way of determining in money the extent of the damages. Plaintiff's evidence was to the effect that its gross business had increased from a figure of $180,000 in 1956 to a gross volume of $380,000.00 at present. That during the past eleven years plaintiff paid as rental for their space the sum of $160,000.00.

It further appears from the record that defendant Hudson's had no knowledge of the provisions of the lease between Rosenberg, et al., and Village Shopping Center, Inc.; that Hudson's was a ladies apparel shop and that they had, in conjunction with the landlord, spent approximately $80,000.00 in remodeling and refurbishing the quarters now leased by them, and formerly occupied by Hannah's Hardware; that of said $80,000.00 the landlord, Pennsylvania Real Estate Investment Trust, paid the sum of $30,000.00 and Hudson's the balance. It further appears that on September 6, 1966, a sign was placed in the window of the establishment now occupied by Hudson's announcing that Hudson's was to occupy that space; that the lease between Hudson's and the landlord bears date of September 15, 1966, is for a ten year period beginning February 15, 1967, and ending February 14, 1977; that on November 13, 1966, there appeared in the Sunday Post-Tribune an ad announcing the opening of Hudson's in the Village on November 14, 1966. The complaint herein was filed November 12, 1966.

At the conclusion of all the evidence the court directed counsel to prepare and submit Special Findings of Facts and Conclusions of Law. Thereafter, on December 1, 1966, the

court entered its Special Findings of Facts and Conclusions of Law, which, omitting formal parts, reads as follows, to-wit:

"1. On July 2, 1955, defendant, Village Shopping Center, Inc., an Indiana Corporation, entered into a written lease as lessor-owner for ten years commencing November 1, 1955 with the plaintiffs, Sol P. Rosenberg and Evelyn Rosenberg, for a store room in the Village Shopping Center in Gary, Indiana. That lease was assignable only with lessor's consent. No such consent has ever been given or requested.

2. That lease was never recorded. It was never assigned. Said Rosenbergs have not been in possession of said premises for over five years. Their co-plaintiff, Marshall's Inc., under some undisclosed arrangement with them, has been and is in possession thereof and has paid the rent provided in said lease.

3. Thereafter said lessor sold said premises subject to all leases to defendant Pennsylvania Real Estate Investment Trust and it now owns said shopping center.

4. That Rosenberg lease contains this provision: 'In the event landlord should elect to expand the center, Tenants shall be granted the right of first refusal for a women's apparel and accessory store in the price line specialized in by Tenant. This right shall be granted to Tenant for a period of three weeks.'

5. The landlord did expand the center. The last expansion was over two (2) years ago.

6. In one expansion Montgomery Ward and Company became a tenant. It since then has operated a women's apparel and accessory store of over 30,000 square feet area in competition with the 3,700 square feet leased to Rosenbergs.

7. No plaintiff has ever desired or requested space in any expanded area at any time nor have any of them requested a lease on the space occupied by Hudson's nor made any offer therefor, nor requested a right to meet the terms of the Hudson lease within three weeks from its date.

8. Defendant, Hudson's In The Village, Inc., under a written lease with defendant, Pennsylvania Real Estate Investment Trust, took possession on September 6, 1966, of a space with 50 feet frontage in an original (not an expanded) part of the Shopping Center and within two days thereafter placed a sign on that space that it was opening a women's apparel and accessory shop therein,

9. Marshall's Inc., within two days thereafter, became aware of that plan. Plaintiffs' complaint (Paragraph 16), concedes its knowledge of said sign that Hudson's would occupy the premises as a women's apparel and accessory shop.

10. Hudson's spent over $80,000.00 remodeling that space. It opened for business November 14, 1966, as advertised. It competes with Marshall's in price and product.

11. Defendant, Hudson's In The Village, Inc., had no knowledge or notice of the provision quoted in Finding No. 3 in the Rosenberg lease.

12. Plaintiffs never brought said provision to Hudson's attention until they sued. They made no demands on Hudson's or the owner until this action was filed November 12, 1966.

13. Before execution of the Rosenberg lease, the Rosenbergs requested the exclusive right to a women's apparel shop in the center and that request was refused.

14. The part of the Rosenberg lease quoted in Finding No. 3 was intended to mean, and does mean, that any rights thereby granted the tenant were with respect to space in an expanded area and did not embrace the original structure.

15. No first refusal right was granted in that lease until and unless there was an expansion of the shopping center. Meantime, lessor could permit as many women's apparel shops as it saw fit in the original area and that right in lessor did not end with an expansion.

16. The only effect of an expansion was that if Rosenberg desired space in the expanded area, they had the first right of refusal for any space that a competing business made offer in the expanded area.

CONCLUSIONS OF LAW:

On the foregoing facts the Court concludes:

1. Any rights of plaintiff to a first refusal of space are with respect only to any expanded areas in the shopping center.

2. The law is with the defendants.

3. Plaintiffs are not entitled to a temporary injunction herein.

IT IS THEREFORE CONSIDERED, ADJUDGED AND DECREED by the Court that the plaintiffs take nothing by reason of the complaint for temporary injunction herein,

and that said plaintiffs, Sol P. Rosenberg, Evelyn Hecht Rosenberg and Marshall's Inc., shall pay all the costs herein."

Thereafter, on December 21, 1966, appellants tendered their Bill of Exceptions containing the evidence, which was signed by the Judge and filed with the clerk, which filing is evidenced by order book entry.

On December 29, 1966, appellants' Assignment of Errors was filed, the same omitting formal parts thereof, reads in pertinent part as follows:

"1. The decision of the court is not sustained by sufficient evidence.

2. The decision of the court is contrary to law.

3. The special finding of fact is not sustained by sufficient evidence.

4. The special finding of fact is contrary to law.

5. The court erred in failing to find that the premises in the Village Shopping Center, which was leased to Sol Rosenberg and Evelyn Hecht Rosenberg, as partners, has in fact been occupied at all times from the beginning of the lease by Marshall's Inc.; that rental for said premises has been paid monthly by checks drawn by Marshall's Inc. and received by L. I. Combs, the manager of the Village Shopping Center; that the Village Shopping Center looked to and consulted with Marshall's Inc. on day to day problems which have arisen concerning the leased premises and that L. I. Combs, Jr., manager of the Village Shopping Center, saw Mr. Rosenberg only twice during the term of the lease and the extention (sic) thereof and that most of the dealings which he had concerning the leased premises were with William Eghermann (sic) and Marshall Eghermann (sic), officers and stockholders of Marshall's Inc.

6. The court erred in its conclusions of law numbered 1.

7. The court erred in its conclusions of law numbered 2.

8. The court erred in its conclusions of law numbered 3.

9. The court erred in that the decision of the court in refusing and denying a temporary injunction to the appellants is contrary to law.

WHEREFORE, appellants pray that the decision of the trial court in denying a temporary injunction to the appel-

lants be reversed and that the trial court be directed to grant appellants a temporary injunction as prayed for in their complaint and for such other relief as the appellants may be entitled to."

Appellant contends the issues before this Court are as follows:

"Whether the decision of the trial court is contrary to law. Whether the finding of the trial court is supported by sufficient evidence.

Whether the trial court failed to make a finding of an ultimate fact based on uncontroverted evidence as to the waiver of the restriction of assignment of the lease without the consent of the landlord.

Whether the court erred in refusing and denying a temporary injunction to the appellants contrary to law."

Appellees say "For purposes of this appeal, this was a proceeding for a temporary injunction by appellants, a tenant in Village Shopping Center in Gary, Indiana, against its landlord and against Hudson's (a subsequent tenant), to oust Hudson's (by injunction) for an alleged breach by the landlord of an alleged right in appellants as to the space occupied by Hudson's."

In arriving at a determination of the issues before us we are confronted with the general rule that on appeals of this character this Court will consider only the evidence "which tends to support the finding, together with reasonable, natural and logical inferences which may be drawn therefrom." *Southport Board of Zoning Appeals et al.* v. *Southside Ready Mix Concrete, Inc., et al.* (1961), 242 Ind. 133, 176 N. E. 2d 112; *DeSchamps* v. *Board of Zoning Appeals etc.* (1961), 241 Ind. 615, 174 N. E. 2d 581; *Koss* v. *Continental Oil Co.* (1944), 222 Ind. 224, 52 N. E. 2d 614.

Moreover, where the evidence is in conflict we will not determine either the weight of the evidence or the credibility of the witnesses. *Kraus* v. *Kraus* (1956), 235 Ind. 325, 132 N. E. 2d 608.

It is well settled that the granting of a temporary injunction rests in the sound discretion of the trial court judge and the "exercise of this discretion will not be interfered with by this Court unless it is shown that the action of the trial court was arbitrary or constituted a clear abuse of discretion." *Koss* v. *Continental Oil Co., supra*; *The Indiana Annual Conference Corp. et al.* v. *Lemon, etc.* (1956), 235 Ind. 163, 131 N. E. 2d 780.

In *McFarlan* v. *Fowler Bank City Trust Co.* (1938), 214 Ind. 10, 12 N. E. 2d 752, the Court said:

"An abuse of discretion is an erroneous conclusion and judgment, one clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." 214 Ind. 10, 14.

We do not feel the decision of the trial court judge in refusing to grant the temporary injunction was such an "erroneous conclusion and judgment," and was so "clearly against the logic and effect of the facts" as to constitute an abuse of discretion.

We think it may be conceded that Marshall's Inc., is a tenant now in possession of the premises occupied by it. Whether this status came about by some arrangement with the Rosenbergs, or by acquiescence on the part of Village Shopping Center, Inc., and thereafter by Pennsylvania Real Estate Investment Trust is unknown. There is in the record no assignment of the lease to Marshall's, Inc., and no testimony as to any present interest in the lease by the original lessees, the Rosenbergs. These are matters peculiarly within the knowledge of the plaintiff-appellant. As to the rights of appellants Rosenberg there is a total failure of any evidence that would authorize or permit the granting of the relief sought. There is similarly sufficient doubt surrounding the right of Marshall's, Inc., to insist on the "right of first refusal," to justify denying the requested relief.

Assuming, arguendo, that Marshall's, Inc., did lawfully succeed to all the interests of the original lessees in the lease, including the "right of first refusal," there remains the question of enforcing the provision because of its vagueness. The provision of the lease is silent both as to term and rental.[1] There is also conflicting evidence as to the construction to be given it. However, we are not here in a position to add clarity to the provision.

Further, the evidence is undisputed that notice of the leasing of the premises occupied by Hudson's was given by the posting of a sign in the window of said premises, and that Marshall's, Inc., was aware of the sign and advised of it not later than two weeks thereafter. At no time did appellants, or any of them, advise Hudson's of their desire to occupy these or other quarters. Instead, appellants stood idly by without advising Hudson's of any alleged claim or right to the premises and permitted the expenditure of approximately $80,000.00 in improvements on said premises without complaint to any of the appellees. It is also undisputed that the lease between Hudson's and Pennsylvania Real Estate Investment Trust was executed on September 15, 1966, and that this action was not instituted until November 12, 1966, which was two days before the scheduled opening of Hudson's in the Village.

Considering all the facts and circumstances before us, we are of the opinion the trial court did not abuse its discretion in the denial of the writ nor did it act arbitrarily.

The judgment is affirmed.

Lewis, C. J. and Hunter, J., concur in result; Arterburn, J., concurs; Mote, J., not participating.

NOTE.—Reported in 238 N. E. 2d 642.

1. *Puetz* v. *Cozmos* (1958), 237 Ind. 500, 147 N. E. 2d 227; *State* v. *Jordan* (1966), 247 Ind. 361, 215 N. E. 2d 32.