TRUSTEES OF INDIANA UNIVERSITY *v.* WILLIAMS ET AL.

[No. 268S34. Filed October 14, 1969. No petition for rehearing filed.]

*Len E. Bunger, Jr., Austin V. Clifford,* of Bloomington, for appellant.

*Baker, Barnhart, Andrews & Baker* by *Leroy Baker* and *Frank Barnhart* of Bloomington, and *John O. Moomaw,* of Bloomfield, for appellees.

JACKSON, J.—This is an appeal from the judgment of the Greene Circuit Court. The action was commenced by the appellant in the Monroe Circuit Court for the condemnation of certain real estate owned by the appellees. Change of venue to the Greene Circuit Court was granted on January 9, 1967.

On November 7, 1966, the parties appeared before the Monroe Circuit Court and stipulated that the appellant was entitled to condemn appellees' property. At that time the court appointed appraisers, who, on November 23, 1966, filed a written appraisal appraising appellees' damages at Forty-four Thousand Dollars ($44,000.00). The appellees filed their exceptions to this appraisal on November 30, 1966. On November 20, 1967, the action was tried in the Greene Circuit Court without the intervention of a jury. On December 13, 1967, the Court entered a judgment for the appellees in the sum of Seventy-four Thousand Four Hundred Ninety-three Dollars and Twenty-five Cents ($74,493.25) along with interest in the sum of One Thousand Two Hundred Forty-six Dollars and Forty-five Cents ($1,246.45).

On January 11, 1968, appellant filed its motion for a new trial which alleged, substantially, that: 1) The decision of the court is not sustained by sufficient evidence; 2) The court erred in admitting certain testimony, alleged to be hearsay, into evidence; and 3) The damages awarded by the court are excessive. This motion was overruled on the same day it was filed. On appeal appellant assigns as error the overruling of its motion for a new trial, and also alleges that the trial court abused its discretion in evaluating the evidence as to the value of the condemned property.

The property in question is located in the city of Bloomington, Indiana, and consists of approximately 88,000 square feet. It is roughly triangular in shape, and is bounded by railroad spurs on two sides. A third side has approximately forty feet of frontage on West Eleventh Street. The general area in which the property is situated may be classified as commercial-industrial, and is zoned B-3, General Business.

Four witnesses testified on behalf of the appellees. The first to testify was Claude W. Gobert, a licensed real estate broker. Mr. Gobert testified that he had been a real estate broker since 1946, and during that time had made appraisals for "the college," aviation board, courts and attorneys. He has also made appraisals for the trust departments of several banks. Mr. Gobert appraised the appellees' property at a value of $98,192.00.

The second witness called by the appellees was Robert W. Fee, also a licensed real estate broker. In addition, he is a professional appraiser, manager of a savings and loan association, and a member of the Society of Real Estate Appraisers. Mr. Fee has done a considerable amount of appraisal work for various businesses, schools, banks and private organizations. Mr. Fee appraised the value of appellees' property at $83,500.00.

The third witness for the appellees was Richard Gibbs, a licensed real estate broker. In his two and one-half years

in Bloomington, Mr. Gibbs has made appraisals for local schools, Indiana University, and various other individuals and concerns. He appraised the value of appellees' real estate at $102,000.00. On cross examination it was revealed that Mr. Gibbs was one of the three court appointed appraisers who, under oath, appraised appellees' property at $44,000.00. However, on re-direct Mr. Gibbs stated that although he signed the appraisal he did not agree with the other appraisers.

Appellees final witness was Mr. Wallace Ellis, a buyer of land and a licensed realtor since 1961. Mr. Wallace, who has made appraisals for various schools, loan companies, individuals and court proceedings, appraised the value of appellees' property at $100,309.96.

The first witness called by appellant was Mr. William Morrow. Mr. Morrow's testimony established that appellees purchased the property in question in 1959 at a sum of $25,000.00.

The next witness called by appellant was Mr. George W. Bloom, who is employed by the appellant as professor of real estate. Mr. Bloom holds the degree of Doctor of Business Administration, and is a member of the American Institute of Appraisers and the Society of Real Estate Appraisers. Mr. Bloom appraised the value of appellees' land at the time of condemnation at $20,000.00. On cross examination he admitted that certain property in near proximity to appellees' real estate sold for approximately $1.14 per square foot which, if applied to appellees' property, would amount to a total far in excess of the $20,000.00 appraisal figure that he reached. Mr. Bloom also admitted that most of his appraisal work had been done for the appellant, and that he had previously appraised the value of appellees' property at $45,400.00.

Finally, appellant called as a witness Mr. Berkley W. Duck, an Indianapolis realtor and member of numerous professional real estate organizations. In addition, Mr. Duck had made

a large number of appraisals for numerous businesses and organizations. On the basis of two "comparables" Mr. Duck appraised the value of appellees' real estate at $26,500.00.

In its brief appellant argues that the evidence presented by appellees constituted appraisals based upon "comparables" that were not, in fact, comparable to appellees' property; that the trial court erred in evaluating the evidence; and that the trial court erred in admitting certain alleged hearsay statements into evidence over appellant's objections. For the purposes of this appeal we will consider the first two allegations jointly.

As commonly used in valuing real estate, a "comparable" is property similar to the property being appraised, and which has been recently sold or is currently being offered for sale. The publication "The Appraisal of Real Estate" (5th ed. 1967), prepared by a special committee of the American Institute of Real Estate Appraisers states, at page 63:

> ". . . an estimate of value of a property by comparing it with similar properties of the same type and class which have sold recently or are currently offered for sale in the same or competing areas . . ."

Indiana recognizes the use of "comparables" to establish the value of the property in issue. In *Illinois Central Railroad v. Howard* (1925), 196 Ind. 323, 147 N. E. 142, this Court stated:

> ". . . evidence of the price paid by way of a voluntary sale and purchase near the time the lands were appropriated, for other lands similarly situated in the immediate neighborhood, is competent on the question of the value of the lands taken." 196 Ind. 325, 326.

Appellant contends that the evidence of appellees' expert witnesses based on certain "comparables" was not competent in that appellees' witnesses failed to consider various factors which go to establish a "comparable." Appellant contends that

appellees' witnesses: 1) failed to use as comparables land of similar size; 2) failed to give consideration to the value of improvements; 3) failed to give consideration to the income producing character of the comparable; 4) failed to give consideration to various physical qualities of the comparables.

These questions raised by the appellant are questions concerning the competency of appellees' witnesses to give expert opinions as to the value of the property which they appraised and which the appellant has condemned. All of appellees' witnesses, however, were qualified as experts in the field of real estate appraisement. They all have extensive experience in appraising the value of real estate. It is true that their appraisals differed greatly from the opinions of appellant's two expert witnesses. However, we are not in a position to say that appellant's witnesses are any better qualified, or more expert in appraising the value of real estate than appellees' witnesses. The weight to be given to the opinions of the witnesses is a matter to be solely determined by the trier of fact. Where, as here, the evidence is in conflict this Court will not determine either the weight of the evidence or the credibility of the witnesses. *Rosenberg v. Village Shopping Center, Inc.* (1968), 251 Ind. 1, 238 N. E. 2d 642; *Kraus v. Kraus* (1956), 235 Ind. 325, 132 N. E. 2d 608. We will not substitute our judgment or conclusions for those of the trier of fact. *Hagemann v. City of Mt. Vernon* (1958), 238 Ind. 613, 154 N. E. 2d 33. Rather, we will only consider that evidence which tends to support the judgment of the trial court together with all reasonable and logical inferences which may be drawn therefrom. *Rosenberg v. Village Shopping Center, Inc. supra; Van Sickle v. Kokomo Water Works Co.* (1959), 239 Ind. 612, 158 N. E. 2d 460.

In viewing the evidence most favorable to the appellees, we cannot say, as a matter of law, that the evidence was insufficient to sustain the judgment of the trial court. The

appellees offered the testimony of four witnesses, all of them qualified and with extensive experience in appraising real estate, in support of their contention that the award of the court appointed appraisers was inadequate. These witnesses were all cross examined by the appellant and their methods of making the appraisements, as well as their reasons for using certain properties as comparables, were made quite clear. The trier of facts was free to accept their testimony as being more persuasive than the testimony of appellant's witnesses. Therefore, we cannot say that the evidence adduced at trial was insufficient to sustain the judgment of the trial court.

Appellant next contends that the trial court erred in admitting certain testimony into evidence on the basis that the testimony was hearsay. The testimony in question was that of the witness Gobert. On direct examination Mr. Gobert stated that he did not use a certain piece of property as a comparable because of a conversation that he had with the seller of that property. The exact questions, answers, objection and court ruling as contained in the transcript are as follows:

"Q. I'll ask you Mr. Gobert did you talk to Mr. Robert Townsend?

A. Yes.

Q. From your conversation with him did you determine not to use it as a comparable?

A. Yes.

Q. Tell the Court why.

*By Mr. James T. Cotner:* Objection on the basis that the conversation would be hearsay.

*By the Court:* Overruled.

A. I talked to Mr. Townsend and he informed me that at the time of the sale he was in need of money and he made the sale and he sold it to (sic) cheap."

Appellant contends that the trial court erred in overruling appellant's objection in that the witness' testimony as to the conversation with Mr. Townsend was inadmissible hearsay. Hearsay evidence has been defined as testimony by a witness in a judicial proceeding relative to an extrajudicial declaration by another and which is offered for the purpose of proving the facts asserted by the declarant. *Wayne Works v. Hicks Body Co.* (1944), 115 Ind. App. 10, 55 N. E. 2d 382; *Griffith v. Thrall* (1941), 109 Ind. App. 141, 29 N. E. 2d 345. For testimony to be inadmissible as hearsay, it is necessary that the extrajudicial declaration be offered to prove the "facts asserted by the declarant." However, as is clear from the above excerpt from the transcript, the testimony of Mr. Gobert as to the conversation with Mr. Townsend was not offered to prove the truth of the facts asserted by Mr. Townsend. Instead, it was offered to establish Mr. Gobert's reason for not using the property as a comparable. The truth of what Townsend stated to Mr. Gobert is not in issue. Rather, what is in issue is Mr. Gobert's reason for excluding the property as a comparable. Thus, since the extrajudicial statement was not offered to prove "the facts asserted by the declarant," the testimony was not inadmissible as hearsay evidence. As was said by the North Carolina Supreme Court in *State Highway Commission v. Conrad* (1965), 263 N. C. 394, 139 S. E. 2d 553, 12 A. L. R. 3d 1055:

> "An expert witness may testify as to the basis of his opinion because it is not offered to show the truth or falsity of such matters, but how the witness arrived at a value. It is therefore not hearsay evidence."

Here, the witness Gobert was testifying as to the basis of his opinion, and not as to the validity of the statements made to him by Mr. Townsend. Therefore, the testimony was clearly not hearsay.

Judgment affirmed.

DeBruler, C. J., and Givan and Hunter, JJ., concur; Arterburn, J., dissents with the statement: "I dissent for the reason that I feel hearsay testimony was erroneously admitted on direct examination over objections of the opposing party."

NOTE.—Reported in 251 N. E. 2d 439.