RELICK *v.* PENN-HARRIS-MADISON SCHOOL CORP.

[No. 1069S221. Filed June 8, 1970. No petition for rehearing filed.]

*Leonard V. Campanale,* of Mishawaka, for appellants.

*John Schindler, Jr., James J. Olson,* of Mishawaka, for appellee.

ARTERBURN, J.—Appellee, an Indiana corporation, instituted condemnation proceedings to appropriate certain land owned by the appellants. Appraisers were appointed by the St. Joseph Superior Court for the purpose of ascertaining the compensation due the appellants by reason of the appropriation. The report of the appraisers fixed the total damages to the appellants in the amount of $7500. Both parties filed exceptions to the appraisers' report and the cause was set for trial without jury. Thereafter, the trial court entered judgment for the appellants in the amount of $7500, plus interest in the amount of $916.30 for a total of $8416.30.

Following the denial of appellants' motion for a new trial this appeal was taken.

The property in question consists of two parcels of land totaling 215,000 square feet. The parcels flank and are separated by another parcel containing 210,500 square feet which the appellee purchased from the appellants in 1966 for $5000. That parcel contained several dewellings at the time of the sale. The two parcels under condemnation here are unimproved and residential in nature.

The sole issue raised for our consideration, and the sole issue raised in appellants' motion for a new trial, is whether the assessment of compensation due the appellants by reason of the appropriation is insufficient in amount and against the weight of evidence.

The scope of review under circumstances such as these has frequently been noted by this court. The weight to be given the testimony of the witnesses is a matter for the trier of fact. Our judgment will not be substituted for that of the trier of fact. *Trustees of Indiana University* v. *Williams* (1969), 252 Ind. 624, 251 N. E. 2d 439. Where the evidence as to the amount of damages is conflicting we will consider only that evidence tending to support the trial court, together with all reasonable and logical inferences that may be drawn therefrom. *Rosenberg* v. *Village Shopping Center, Inc.* (1968), 251 Ind. 1, 238 N. E. 2d 642. Thus, findings will not be disturbed unless the record clearly shows that they were arbitrary or contrary to undisputed evidence. With these standards in mind we view the evidence.

Three witnesses testified at the trial. The first to testify, and the sole witness to testify for the appellants, was the appellant Michael Relick himself. He stated that he lived in Florida and was self-employed as a salesman of upholstery material. He testified that in his opinion the land in question was reasonably worth $25,000 and that he sold the parcel splitting the land involved to the appellee for $5,000 in 1966.

The appellee called two witnesses. Edward Everett testified that he was a licensed real estate broker; that he had been so employed for thirty years; and that on the average he performed fifty to seventy-five appraisals per year. It was his opinion that the land had a fair market value of $7,500. The final witness, Fred Zugbaum, testified that he also was a licensed real estate broker; that he had been engaged in selling real estate since 1945; and that he had performed numerous appraisals. He placed the value of the land in question at $6,380.

From an examination of the above evidence we cannot say that it is insufficient, as a matter of law, to sustain the judgment of the trial court. The evidence favorable to the verdict supports the conclusion reached. The basis of the opinions of the appellee's two witnesses, both of whom had extensive experience in making appraisals, were thoroughly probed on cross-examination. In contrast the appellants offered only the opinion of the appellant Michael Relick. The trial court was at liberty to determine which testimony to rely upon.

It is finally stated that the two witnesses for the appellee failed to consider or use the best "comparable price" available in arriving at their conclusions, to-wit: the sale of the intervening parcel to the appellee by the appellants in 1966. This, it is said, taints the reliability of their testimony and causes the evidence to be insufficient to sustain the judgment. With this we cannot agree. As this court noted in the case of *Trustees of Indiana University* v. *Williams* (1969), 252 Ind. 624, 251 N. E. 2d 439, the use of a "comparable price" to establish the value of the property is a recognized method in this state. A "comparable price" is based on similar property to the property being valued, which property is being offered for sale or has recently been sold. The argument raised by the appellants necessarily concerns itself with the method used by the witnesses in arriving at their opinion as to the value of the land. It goes to the weight of the evi-

dence. The fact of the 1966 sale was clearly brought out in the trial court and was available to the trial court as a factor to be considered in judging the weight and credibility to be given the testimony. We are not in a position to substitute our opinion for that of the trial court. In passing, we further note that the opinion of the appellant Michael Relick, as shown by his own testimony concerning the value of property appropriated, was not based upon and did not consider the very parcel which he now contends the appellee's witnesses should have considered.

Judgment affirmed.

Hunter, C.J., Givan and DeBruler, JJ., concur. Jackson, J., concurs in result.

NOTE.—Reported in 258 N. E. 2d 845.